**No. 6:16-cv-00150-MC**

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

LORI DIANE BACZKOWSKI,

*Appellant,*

v.

BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, and SELECT PORTFOLIO SERVICING, INC.,

*Appellees.*

On Appeal from an Order of Dismissal of the Honorable Frank R. Alley,
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Oregon

Ch. 13 Bankruptcy Case No. 15-62839-fra13
Adversary Case No. 15-06085-fra

**APPELLEES BANK OF NEW YORK MELLON AND SELECT PORTFOLIO SERVICING, INC.'S ANSWERING BRIEF**

(Request for Oral Argument)

OREN B. HAKER (OSB #130162)
CRYSTAL S. CHASE (OSB #093104)
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205-2586
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ...........1

III. STATEMENT OF THE ISSUES PRESENTED AND THE
     APPLICABLE STANDARD OF APPELLATE REVIEW ..........................2

     A.   Statement of the Issues Presented .......................................................2

     B.   Standard of Appellate Review..............................................................2

IV.  STATEMENT OF FACTS ....................................................................................3

     A.   The Chapter 13 Case .............................................................................3

     B.   The Adversary Proceeding ...................................................................3

     C.   Dismissal of the Chapter 13 Case and the Adversary Proceeding.......4

V.   SUMMARY OF ARGUMENT............................................................................5

VI.  RELEVANT STATUTORY PROVISIONS..................................................6

VII. ARGUMENT...........................................................................................................7

     A.   The Bankruptcy Court Had Authority to Enter the Adversary
          Dismissal Order Because All Parties Consented to Entry of a
          Final Order by the Bankruptcy Court...................................................7

     B.   Debtor Has Not Demonstrated That Dismissal of the Adversary
          Proceeding Violated Debtor's Due Process Rights............................11

     C.   Dismissal of the Adversary Proceeding Was Within the
          Bankruptcy Court's Discretion and Was Not Inequitable .................12

VIII. CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carraher v. Morgan Elec., Inc. (In re Carraher)*,
  971 F.2d 327 (9th Cir. 1992) ............................................................................. 2, 13

*Daniels-Head & Assocs. v. William M. Mercer, Inc. (In re Daniels-Head & Assocs.)*,
  819 F.2d 914 (9th Cir. 1987) ..................................................................................9

*Etalco, Inc. v. AMK Indus., Inc. (In re Etalco, Inc.)*,
  273 B.R. 211 (B.A.P. 9th Cir. 2001) ......................................................................3

*Fid. & Deposit Co. of Md. v. Morris (In re Morris)*,
  950 F.2d 1531 (11th Cir. 1992) ............................................................................14

*Key Bar Invs., Inc. v. Cahn (In re Cahn)*,
  188 B.R. 627 (B.A.P. 9th Cir. 1995) ......................................................................1

*K.W. ex rel. D.W. v. Armstrong*,
  789 F.3d 962 (9th Cir. 2015) ................................................................................13

*Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs, Ltd.)*,
  196 B.R. 517 (B.A.P. 9th Cir. 1996) ....................................................................14

*Mann v. Alexander Dawson Inc. (In re Mann)*,
  907 F.2d 923 (9th Cir. 1990) ..................................................................................9

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) ..............................................................................................11

*Szanto v. Bistritz (In re Szanto)*,
  No. NV-14-1528, 2016 Bankr. LEXIS 2198 (B.A.P. 9th Cir. June 3, 2016) ................................................................................................................13

*TrafficSchool.com, Inc. v. Edriver Inc.*,
  653 F.3d 820 (9th Cir. 2011) ..................................................................................2

*United States v. Graf*,
  610 F.3d 1148 (9th Cir. 2010) ..............................................................................12

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*United States v. Hinkson*,
  585 F.3d 1247 (9th Cir. 2009) (en banc) ..........................................................................2

*Western Radio Servs. Co. v. Qwest Corp.*,
  678 F.3d 970 (9th Cir. 2012) ...........................................................................................11

*Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*,
  729 F.3d 1279 (9th Cir. 2013) ..........................................................................................2

**Statutes**

28 U.S.C. § 157 .............................................................................................................8, 10, 11

28 U.S.C. § 157(c) ................................................................................................................... 7

28 U.S.C. § 157(c)(2) ........................................................................................................passim

28 U.S.C. § 158(a) ................................................................................................................... 1

28 U.S.C. § 1334 ..........................................................................................................6, 8, 11

28 U.S.C. § 1334(c)(1) ........................................................................................................... 13

**Rules**

Fed. R. Bankr. P. 7008 ............................................................................................................ 9

Oregon Local Bankr. R. 7008-1 ...................................................................................... 10, 13

I.     **INTRODUCTION**

Appellees Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2007-23cb, Mortgage Pass-Through Certificates, Series 2007-23cb ("the Trust") and Select Portfolio Servicing, Inc. ("SPS") hereby submit this Answering Brief in response to the Opening Brief submitted by *pro se* Appellant Lori Diane Baczkowski ("Debtor" or "Appellant").

II.    **STATEMENT OF THE BASIS OF APPELLATE JURISDICTION**

This is an appeal by Debtor from an order of dismissal dated January 12, 2016 that dismissed the adversary proceeding ("Adversary Proceeding") filed by Debtor ("Adversary Dismissal Order"). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), as the Adversary Dismissal Order was a final order. *Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627 (B.A.P. 9th Cir. 1995) (setting forth what constitutes final, appealable order).

Debtor did not timely file her opening brief within 30 days of January 28, 2016. (ECF No. 5.) Following an Order to Show Cause why the appeal should not be dismissed for failure to timely file an opening brief (ECF No. 10), Debtor filed her opening brief on June 13, 2016 ("Opening Brief"). (ECF No. 11.)

## III. STATEMENT OF THE ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW

### A. Statement of the Issues Presented.

Although Debtor presents three issues on appeal, they essentially reduce to two issues:

(1) Did the Bankruptcy Court have the authority pursuant to 28 U.S.C. § 157(c)(2) to enter the Adversary Dismissal Order?

(2) Did the Bankruptcy Court abuse its discretion by dismissing the Adversary Proceeding after Debtor's underlying bankruptcy case ("the Chapter 13 Case") was dismissed on Debtor's own motion?

### B. Standard of Appellate Review.

Issues of judicial power are reviewed de novo. *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1284 (9th Cir. 2013).

A bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding is reviewed for an abuse of discretion. *Carraher v. Morgan Elec., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). A bankruptcy court abuses its discretion only if it applies the wrong legal standard, it misapplies the correct legal standard, or its factual findings are illogical, implausible, or without factual support. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*,

2

585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).  A bankruptcy court's decision may be affirmed on any ground clearly presented by the record.  *Etalco, Inc. v. AMK Indus., Inc. (In re Etalco, Inc.)*, 273 B.R. 211, 218 (B.A.P. 9th Cir. 2001).

## IV.   STATEMENT OF FACTS

### A.   The Chapter 13 Case.

On August 20, 2015, Debtor filed her Chapter 13 Petition.  (BK ECF No. 2.)[1]  Debtor scheduled as her residential home real property located at 6101 Fish Hatchery Road, Grants Pass, Oregon 97527 ("Subject Property") and identified that the Subject Property was subject to a first-position mortgage held by the Trust and serviced by SPS.  (BK ECF No. 15.)

### B.   The Adversary Proceeding.

Less than two weeks after filing her Chapter 13 Petition, Debtor filed a complaint in the Adversary Proceeding.  (ER 1-16 ("Adversary Compl.").)  In the Adversary Complaint, Debtor alleged that the Trust, SPS, and Quality Loan Service Corporation of Washington ("QLS") (the foreclosure trustee) had "made adverse claims" against the Subject Property "without first proving those claims adequately under state and federal law."  (ER 1-3 (Adversary Compl.

---

[1] References to "BK ECF" refer to the docket in the Chapter 13 Case, U.S. Bankr. D. Or. Case No. 15-62839.  Those docket items have been designated as part of the record on appeal by SPS and the Trust.  (ER 30-34 (Appellees' Designation of Additional Items To Be Included In The Record On Appeal).)  References to Adv. ECF refer to the docket in the Adversary Proceeding.

¶¶ 1-2).) Essentially, Debtor challenged a pending nonjudicial foreclosure proceeding against the Subject Property. Debtor sought a declaration of the validity, priority, or extent of the Trust's lien on the Subject Property. (ER 3 (*Id.* ¶ 4).) The Trust and SPS answered the Adversary Complaint, and QLS filed a separate answer. (ER 17-21 (Answer of the Trust and SPS); ER 22-26 (Answer of QLS).) In the answers, the Trust, SPS, and QLS (collectively, "Appellees") admitted that the proceeding was non-core and consented to entry of a final order or judgment. (ER 19, 23.)

### C. Dismissal of the Chapter 13 Case and the Adversary Proceeding.

On November 16, 2015, Debtor filed a Motion to Dismiss the Chapter 13 Case. (ER 27 ("Motion to Dismiss").) At that point in time, no documents other than the pleadings had been filed in the Adversary Proceeding.

Three days later, on November 19, 2015, the Bankruptcy Court held a pre-trial hearing in the Adversary Proceeding. (ER 35-45 (11/19/15 Hearing Transcript ("11/19 Tr.").) At that pre-trial hearing, the Bankruptcy Court raised the issue of Debtor's Motion to Dismiss and explained to Debtor that if the Chapter 13 Case was dismissed, the Bankruptcy Court also intended to dismiss the Adversary Proceeding. (ER 38-39 (11/19 Tr. at 4:17-5:4).) The Bankruptcy Court instructed Debtor that if she wanted to continue the Chapter 13 Case (and therefore, the Adversary Proceeding), she would need to withdraw the Motion

to Dismiss and start making payments under the proposed plan in the Chapter 13 Case.  (ER 40 (11/19 Tr. at 6:4-19).)  On November 19, 2015, the Bankruptcy Court entered a minute order that reflected its position on the status of the Adversary Proceeding in light of the Debtor's Motion to Dismiss the Chapter 13 Case.  (Adv. ECF No. 20.)

After Debtor failed to withdraw the Motion to Dismiss or make plan payments, the Bankruptcy Court dismissed and administratively closed the Chapter 13 Case on December 11, 2015 ("Chapter 13 Case Dismissal Order").  (ER 28.)  The Bankruptcy Court subsequently entered the Adversary Dismissal Order in the Adversary Proceeding on January 12, 2016.  (ER 19.)  Debtor did not appeal the Chapter 13 Case Dismissal Order.

## V.  SUMMARY OF ARGUMENT

Debtor's appeal should be denied because the Bankruptcy Court exercised its discretion in dismissing the Adversary Proceeding after the Chapter 13 Case Dismissal Order (that dismissed and administratively closed the Chapter 13 Case) was entered.  The law in the Ninth Circuit is clear that the Bankruptcy Court has discretion to decline to exercise its jurisdiction or dismiss a proceeding that is predicated on state law claims.

In her appeal, Debtor concedes that the Adversary Dismissal Order was a final order, but argues that the Bankruptcy Court had no authority to enter it. However, that argument ignores the fact that all of the parties consented to entry of a final order. With 28 U.S.C. § 157(c)(2) satisfied, the Bankruptcy Court had the statutory authority to enter a final order.

Equity does not argue for a different result here. Debtor filed her Chapter 13 Petition on August 20, 2015, followed by a Chapter 13 Plan that she failed to implement in any way and an Adversary Proceeding that she failed to prosecute meaningfully. Then, she, on her own volition, filed the Motion to Dismiss, and after being warned by the Bankruptcy Court that the Chapter 13 Case would be dismissed and imperil her Adversary Proceeding if she did not withdraw the Motion to Dismiss, she did nothing. Having sat on her rights, she should not now be afforded relief that she could have easily sought before the Bankruptcy Court. For these reasons, the Bankruptcy Court's Adversary Dismissal Order should be affirmed.

## VI.    RELEVANT STATUTORY PROVISIONS

28 U.S.C. § 1334 provides, in relevant part, as follows:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil

> proceedings arising under title 11, or arising in or related to cases under title 11.
>
> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 157(c) provides as follows:

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after . . . reviewing de novo those matters to which any party has timely and specifically objected.
>
> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

## VII. ARGUMENT

### A. The Bankruptcy Court Had Authority to Enter the Adversary Dismissal Order Because All Parties Consented to the Entry of a Final Order By The Bankruptcy Court.

Debtor first argues that the Bankruptcy Court lacked authority to enter the Adversary Dismissal Order—which was a final order—in the Adversary

7

Proceeding because the proceeding was non-core and Debtor's Adversary Complaint did not consent to entry of a final order by the Bankruptcy Court. Stated differently, Debtor argues that the Bankruptcy Court's Adversary Dismissal Order violates 28 U.S.C. § 157(c)(2) because the Bankruptcy Court did not have "the consent of all the parties to the proceeding" to enter a final order.

Debtor's argument fails because each of the Appellees expressly consented to the Bankruptcy Court entering a final order. While the Debtor did not expressly state in her Adversary Complaint that she consented to entry of a final order by the Bankruptcy Court, she did not object, nor did she assert a right to a jury trial before the U.S. District Court. Furthermore, she stated in her Adversary Complaint that the Bankruptcy Court had jurisdiction, not only under 28 U.S.C. § 1334 (which statutory provision confers subject matter jurisdiction) but also under 28 U.S.C. § 157 (which statutory provision allocates the work of the courts between the U.S. District Court and the Bankruptcy Court). (ER 3.) Thus, Debtor's consent under section 157(c)(2) can be acknowledged by implication, including by the silence in her Adversary Complaint.

The statute and case law support this reading of section 157(c)(2). First, nothing in section 157(c)(2) requires that consent be in writing or express; rather, the statute only speaks of simple consent. Second, case law in the Ninth

Circuit has recognized that express consent is not necessary for the Bankruptcy Court to exercise jurisdiction and enter a final order pursuant to section 157(c)(2). *See Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) ("[Debtor] chose to file this adversary proceeding in the bankruptcy court, and he never objected to the court's jurisdiction prior to the time it rendered judgment against him. Through this conduct, he consented to the court's jurisdiction."); *Daniels-Head & Assocs. v. William M. Mercer, Inc. (In re Daniels-Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir. 1987) (citing cases for rule that consent in section 157(c)(2) can be both express and implied). Thus, consent can be implied from Debtor's actions before the Bankruptcy Court. Accordingly, the Bankruptcy Court had statutory authority to enter the Adversary Dismissal Order.

In addition, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Oregon's Local Bankruptcy Rules ("Oregon LBRs") support this conclusion. Rule 7008 of the Bankruptcy Rules states that the complaint must contain a statement that, if the proceeding is non-core, the pleader consents or does not consent to entry of final orders or judgment by the Bankruptcy Court. The Bankruptcy Rules do not address a pleader who fails to take a position on the issue—*i.e.*, a pleader who fails to consent or object to entry of a final order by the Bankruptcy Court.

9

On the other hand, the Oregon LBRs do address the issue. In particular, Rule 7008-1 of the Oregon LBRs states as follows: "The pleader's failure to timely make that statement [consenting or objecting to the Bankruptcy Court's entry of a final order] *waives* any objection to the judge's entry of final orders or judgment." (Emphasis added.) Accordingly, the Bankruptcy Rules and Oregon LBRs, collectively, support the legal rule that failure by an adversary plaintiff to take a position in a complaint on the Bankruptcy Court's entry of a final order or judgment constitutes waiver to object. Consent by implication follows from this rule.

Here, Debtor filed the Adversary Proceeding with the Bankruptcy Court, alleged that the proceeding was "a non-core proceeding pursuant to 28 U.S.C.A. § 157," and did not object to the Bankruptcy Court's entry of a final order or judgment. (ER 3.) SPS, the Trust, and QLS each expressly consented to the Bankruptcy Court's entry of a final order or judgment in their respective Answers. (ER 19, 23.) Debtor, however, never took a position on whether she consented to entry of a final order by the Bankruptcy Court, and thus she waived her right to object. On these facts alone, therefore, the Bankruptcy Court obtained "the consent of all the parties to the proceeding" under 28 U.S.C. § 157(c)(2) to enter the Adversary Dismissal Order.

Nor is 28 U.S.C. § 1334 applicable. Debtor's reference in her Opening Brief to 28 U.S.C. § 1334 is inapposite to her argument that the Bankruptcy Court could not enter a final order in a non-core proceeding. Section 1334 confers subject matter jurisdiction over certain proceedings including the Adversary Proceeding (which neither Appellant nor Appellees disputes), but section 1334 does not opine on or address the allocation of work between the Bankruptcy Courts and the U.S. District Courts regarding civil proceedings in which both courts have concurrent jurisdiction. That task is left to 28 U.S.C. § 157, which, as explained above, was fulfilled here.

### B. Debtor Has Not Demonstrated That Dismissal of the Adversary Proceeding Violated Debtor's Due Process Rights.

Debtor next argues that entry of the Adversary Dismissal Order violated her due process rights. Debtor cites no legal authority in support of her position, save *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), which merely holds that the specific dictates of due process procedures depend on a variety of factors. Nor does Debtor explain in any way the basis for her due process argument, or support it with citations to the record. For those reasons, Debtor has failed to sufficiently develop this argument and this Court should decline to develop it on Debtor's behalf. *E.g.*, *Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) (appellate court will "not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the

record on its behalf for factual support"); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

In any event, it is unclear what further process could have been required here. The Bankruptcy Court expressly explained to Debtor at the November 19, 2015 hearing the impact that failure to withdraw the Motion to Dismiss would have on the Adversary Proceeding and then gave Debtor an opportunity to withdraw the Motion to Dismiss. (ER 40 (11/19 Tr. at 6:10-19).) In fact, the Bankruptcy Court gave Debtor ample time and opportunity—*more than six weeks*—to withdraw the Motion to Dismiss before entering the Chapter 13 Case Dismissal Order. Debtor nonetheless declined to withdraw the Motion to Dismiss during this period.

### C. Dismissal of the Adversary Proceeding Was Within the Bankruptcy Court's Discretion and Was Not Inequitable.

Debtor next argues generally that "the bankruptcy court . . . acted inequitably and prejudicially against" her. (Opening Br. at 8.) Again, Debtor fails to develop this argument or cite to any applicable legal authority. In fact, Debtor should be estopped from arguing equity here, given that Debtor's own actions precipitated the entry of the Adversary Dismissal Order by the Bankruptcy Court. This is true because the Adversary Dismissal Order was entered by the Bankruptcy Court as a direct result of the Bankruptcy Court's

entry of the Chapter 13 Case Dismissal Order on December 11, 2015. And the Chapter 13 Case Dismissal Order granted the Motion to Dismiss, ***which was filed by Debtor on her own volition.*** In addition, Debtor waived her right to object to entry of a final order or judgment in the Oregon LBRs and thus should not be allowed to appeal an issue that she waived at the Bankruptcy Court. Oregon LBR 7008-1; *e.g., K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (a party that fails to raise an issue below waives consideration of that issue on appeal).

Moreover, the Bankruptcy Court's dismissal of the Adversary Proceeding was within the Bankruptcy Judge's discretion. 28 U.S.C. § 1334(c)(1) (setting forth discretionary abstention rule). Although bankruptcy courts are not automatically divested of subject matter jurisdiction over "related to" adversary proceedings when the underlying bankruptcy case is dismissed, a bankruptcy court is certainly within its powers to exercise its discretion under section 1334(c)(1) and abstain from hearing the case.

Whether the bankruptcy court retains jurisdiction over the Adversary Proceeding after the underlying case has been dismissed depends on the weighing of factors of "economy, convenience, fairness and comity." *In re Carraher*, 971 F.2d at 328; *Szanto v. Bistritz (In re Szanto)*, No. NV-14-1528, 2016 Bankr. LEXIS 2198 (B.A.P. 9th Cir. June 3, 2016); *see also Fid. &*

13

*Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531 (11th Cir. 1992). Retention of "related to" jurisdiction is not necessarily appropriate "when the initiation of the dispute was recent, no action had been taken prior to the dismissal and the dispute concerned issues . . . in which the state courts [have] more expertise." *Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs, Ltd.)*, 196 B.R. 517, 523 (B.A.P. 9th Cir. 1996) (citing three Ninth Circuit cases).

Here, retention of jurisdiction over the Adversary Proceeding would have been improper once the Chapter 13 Case was dismissed. At the time that the Adversary Dismissal Order was entered, the Adversary Proceeding had been pending for only five months, no actions had been taken in the case beyond filing of the pleadings, and the Adversary Complaint raised issues of real property law—specifically, the validity of the Trust's lien on the Subject Property—over which state courts have significant expertise. *See id.* (on similar facts, bankruptcy court abused its discretion by retaining jurisdiction). Accordingly, dismissal of the Adversary Proceeding was entirely consistent with applicable case law and was not inequitable under the circumstances.

## VIII. CONCLUSION

For the reasons set forth above, SPS and the Trust respectfully request that this Court affirm the Adversary Dismissal Order of the Bankruptcy Court.

DATED:  July 13, 2016                              Respectfully submitted,

                                                  STOEL RIVES LLP
                                                  760 SW Ninth Avenue, Suite 3000
                                                  Portland, OR  97205

                                                  By:*/s/  Crystal S. Chase*
                                                       OREN B. HAKER
                                                       OSB NO. 130162
                                                       CRYSTAL S. CHASE
                                                       OSB NO. 093104

                                                  Attorneys for Appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **APPELLEES BANK OF NEW YORK MELLON AND SELECT PORTFOLIO SERVICING, INC.'S ANSWERING BRIEF** on the following named person(s) on the date indicated below by

☒ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ email

☐ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Lori Diane Bacskowski
1025 Ne Fall Drive
Grants Pass, OR 97526

Appellant, *Pro Se*

DATED:  July 13, 2016.

STOEL RIVES LLP

*/s/ Crystal S. Chase*
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380

Attorneys for Appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.

Page 1  -   CERTIFICATE OF SERVICE