No. 6:16-cv-00150-MC

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

_____

LORI DIANE BACZKOWSKI,

*Appellant,*

v.

BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON, and SELECT PORTFOLIO SERVICING,
INC.,

*Appellees.*

_____

On Appeal from an Order of Dismissal by the Honorable Frank R. Alley,
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Oregon

Ch. 13 Bankruptcy Case No. 15-62839-fra13
Adversary Case No. 15-06085-fra

━━━━━━━━━━━━━━━━━━━━━━━━

**APPELLEES BANK OF NEW YORK MELLON AND SELECT
PORTFOLIO SERVICING, INC.'S EXCERPT OF RECORD**

━━━━━━━━━━━━━━━━━━━━━━━━

OREN B. HAKER (OSB #130162)
CRYSTAL S. CHASE (OSB #093104)
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
Attorneys for Appellees Bank of New
York Mellon and Select Portfolio
Servicing, Inc.

## INDEX TO EXCERPT OF RECORD

| Docket No. | Date | Description | ER Page Range |
|---|---|---|---|
| 1 | 08/31/2015 | Complaint for Declaratory and Injunctive Relief | ER 1-16 |
| 12 | 10/14/2015 | Answer and Affirmative Defenses of SPS and the Trust | ER 17-21 |
| 14 | 10/14/2015 | Answer and Affirmative Defenses of QLS | ER 22-26 |
| BK 27[1] | 11/16/2015 | Debtor's Request to Dismiss | ER 27 |
| BK 32 | 12/11/2016 | Order of Dismissal and Administratively Closing Case | ER 28 |
| 21 | 01/12/2016 | Order of Dismissal | ER 29 |
| 36 | 02/23/2016 | Appellees' Designation of Additional Items to be Included in the Record on Appeal | ER 30-34 |
| 38 | 03/04/2016 | Transcript of November 19, 2016 Hearing | ER 35-45 |

---

[1] References to "BK" refer to the docket in the underlying bankruptcy case, *In re Lori Diane Baczkowski*, U.S. Bankr. D. Or. Case No. 15-62839.

CLERK, US BANKRUPTCY COURT
DISTRICT OF OREGON

2015 AUG 31  PM 3: 34

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

Lori Diane Baczkowski, Adversary Plaintiff *in propria persona*
1025 NE Fall Drive
Grants Pass, OR 97526
Telephone: 541-441-3898

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| "In re LORI DIANE BACZKOWSKI, Debtor," | CASE NO. 15-62839-fra13 |
| | Chapter 13 |
| Plaintiff, | |
| v. | ADV. PROC. NO. |
| "BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB"; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, AND SELECT PORTFOLIO SERVICING, INC., | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | |

In this matter of a certain real property, I ALLEGE:

1. Parties and Jurisdiction

I am the owner of record of the real property which is the subject matter of this case, that property being located at 6101 Fish Hatchery Road, Grants Pass, OR 97527.

Defendants have made adverse claims against my property. They are:

Defendant "Bank of New York Mellon, f/k/a The Bank of New York, as

Page 1 - ADVERSARY COMPLAINT

trustee, on behalf of the holders of the Alternative Loan Trust 2007-23CB, Mortgage Pass-Through Certificates, Series 2007-23CB" has been identified by the servicer as "the "owner", sometimes also referred to as the "investor", "creditor", and/or "note holder", of the. . .account."  According to our Secretary of State's online business search, this Defendant is not registered to do business in Oregon as that entity, nor as "The Bank Of New York Mellon."

Defendant "Quality Loan Service Corporation Of Washington" is "a nonjudicial foreclosure trustee. . .instructed to commence foreclosure proceedings against the above-referenced property."  According to our Secretary of State's online business search, this Defendant is a foreign business corporation, Registry Number "525192-96," with its principal place of business at "108 1ST AVE S, STE 202, SEATTLE WA 98104."  It shows a registered agent "CASEY PENCE" at "920 SW 3RD AVE 1ST FL, PORTLAND OR 97204."

Defendant "Select Portfolio Servicing, Inc.," is " the mortgage servicer on the. . .account."  According to our Secretary of State's online business search, this Defendant is a foreign business corporation is a foreign business corporation, Registry Number "558650-84," with its principal place of business at "3815 S. WEST TEMPLE, SALT LAKE CITY UT 84115."  It shows a registered agent "CORPORATION SERVICE COMPANY" at "1127 BROADWAY STREET NE STE 310,  SALEM OR 97301."

Page 2 - ADVERSARY COMPLAINT

This court has jurisdiction pursuant to 28 U.S.C.A. §157 and §1334, and the Federal Rules of Bankruptcy Procedure (FRBP) 7001(1), (2) and (9).

### 2. Adversary

I commence this adversary proceeding to determine the validity or extent of Defendants' claim against the subject real property. All have made aggressive claims against my property without first proving those claims adequately under state and federal law.

### 3. Rule 7008 statement

As required by FRBP 7008(a), to the best of my knowledge and understanding this is a non-core proceeding pursuant to 28 U.S.C.A. § 157.

### 4. Judgment sought

I am entitled to seek this court's declaratory judgment based on FRBP 7001 "to determine the validity, priority, or extent of a lien or other interest in property":

A. Under the *actual and genuine* instruments material to the subject property;

B. Under applicable Oregon law, and if Defendants are negligent *per se*;

C. Declare who are the real parties in interest and who are strangers to the *actual and genuine instruments material to the subject property;* and

D. If any Defendants are found to be strangers to those instruments, to remove their cloud from the property's title as "Further necessary or proper relief."

Page 3 - ADVERSARY COMPLAINT

<u>5.  Injunctive relief</u>

The nature of declaratory proceedings provides I may also seek further necessary or proper relief.  I reserve the right to invoke FRBP 7065 for injunctive relief to bar any Defendant from proceeding against my property during the pendency of this case.

<u>6.  Recovering my costs and disbursements</u>

I reserve the right to recover all costs and disbursements at the appropriate stage of this case.

<u>7.  Request for relief</u>

I pray this court declare my rights and other legal relations according to the above, and all other relief as this court finds lawful, just and equitable.

I expressly reserve the right to amend or supplement this Complaint as needed.  I also reserve my right to have this Complaint construed so as to do justice according to FRBP 1001 and other applicable law.

*Submitted with all rights reserved on August* 31ˢᵗ *, 2015*

Lori Diane Baczkowski, Adversary Plaintiff *in propria persona*

Page 4 - ADVERSARY COMPLAINT

Business Registry Business Name Search                    http://egov.sos.state.or.us/br/pkg_web_name_srch...

# Business Registry Business Name Search

## Business Entity Names returned for:
### Name: QUALITY LOAN SERVICE
### Using: Exact Words in Any Word Order
### For Active and Inactive businesses.

| New Search | | | | | | 08-25-2015 10:49 | |
|---|---|---|---|---|---|---|---|
| Record No | Entity Type | Entity Status | Registry Number | Name Status | Name | | Assoc Search |
| 1 | FBC | ACT | 525192-96 | CUR | QUALITY LOAN SERVICE CORPORATION OF WASHINGTON | | |

© 2015  Oregon Secretary of State.  All Rights Reserved.

**ER 5**

Case 15-06085-fra    Doc 1    Filed 08/31/15

Business Registry Business Name Search                    http://egov.sos.state.or.us/br/pkg_web_name_srch...

# Business Registry Business Name Search

<u>New<br>Search</u>

## Business Entity Data

08-25-2015<br>10:50

| Registry Nbr | <u>Entity<br>Type</u> | <u>Entity<br>Status</u> | Jurisdiction | Registry Date | Next Renewal<br>Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 525192-96 | FBC | ACT | WASHINGTON | 07-09-2008 | 07-09-2016 | |
| **Entity Name** | QUALITY LOAN SERVICE CORPORATION OF WASHINGTON | | | | | |
| **Foreign Name** | | | | | | |

<u>New<br>Search</u>

## Associated Names

| Type | PPB | PRINCIPAL PLACE OF<br>BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 108 1ST AVE S | | | |
| Addr 2 | STE 202 | | | |
| CSZ | SEATTLE | WA 98104 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 07-03-2013 | Resign Date | |
|---|---|---|---|---|---|---|
| Name | CASEY | | PENCE | | | |
| Addr 1 | 920 SW 3RD AVE 1ST FL | | | | | |
| Addr 2 | | | | | | |
| CSZ | PORTLAND | OR 97204 | Country | UNITED STATES OF AMERICA | | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 108 1ST AVE S | | | |
| Addr 2 | STE 202 | | | |
| CSZ | SEATTLE | WA 98104 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date | |
|---|---|---|---|---|---|
| Name | PHILIP | | MARTIN | | |
| Addr 1 | 108 1ST AVE S | | | | |
| Addr 2 | STE 202 | | | | |
| CSZ | SEATTLE | WA 98104 | Country | UNITED STATES OF AMERICA | |

Case 15-06085-fra    Doc 1    Filed 08/31/15                    **ER 6**

Business Registry Business Name Search                                http://egov.sos.state.or.us/br/pkg_web_name_srch...

| Type | SEC | SECRETARY | | | Resign Date | |
|------|-----|-----------|---|---|---|---|
| Name | JOHN | | VALKUS | | | |
| Addr 1 | 1770 4TH AVE | | | | | |
| Addr 2 | | | | | | |
| CSZ | SAN DIEGO | CA | 92101 | | Country | UNITED STATES OF AMERICA |

**New Search**

## Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|----------------------|-----------|-------------|------------|----------|
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON | EN | CUR | 07-09-2008 | |

Please read before ordering Copies.

**New Search**

## Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|-----------------|--------|------------------|----------------|--------|-------------------|--------------|
| 🖹 | AMENDED ANNUAL REPORT | 06-25-2015 | | FI | | |
| 🖹 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 09-02-2014 | | FI | | |
| 🖹 | AMENDED ANNUAL REPORT | 06-11-2014 | | FI | | |
| 🖹 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 01-31-2014 | | FI | | |
| 🖹 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 01-16-2014 | | FI | | |
| 🖹 | AMENDED ANNUAL REPORT | 07-03-2013 | | FI | Agent | |

2 of 3                                                                08/25/2015 10:50 AM

| | | | | | | |
|---|---|---|---|---|---|---|
| | CHANGE OF REGISTERED AGENT/ADDRESS | 12-03-2012 | | FI | Agent | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 07-05-2012 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 06-01-2012 | | FI | | |
| | ANNUAL REPORT PAYMENT | 06-13-2011 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 06-02-2010 | 06-01-2010 | SYS | | |
| | CHANGE OF MAILING ADDRESS | 04-22-2010 | | FI | | |
| | REINSTATEMENT AMENDED | 03-08-2010 | | FI | | |
| | ADMINISTRATIVE REVOKE AUTHORITY | 09-04-2009 | | SYS | | |
| | NOTICE LATE ANNUAL | 07-10-2009 | | SYS | | |
| | APPLICATION FOR AUTHORITY | 07-09-2008 | | FI | Agent | |

© 2015  Oregon Secretary of State.  All Rights Reserved.

Case 15-06085-fra     Doc 1     Filed 08/31/15                    **ER 8**

# Business Registry Business Name Search

## Business Entity Names returned for:
### Name: SELECT PORTFOLIO SERVICING
### Using: Exact Words in Any Word Order
### For Active and Inactive businesses.

**New Search**                                              **08-25-2015**
                                                            **10:51**

| Record No | Entity Type | Entity Status | Registry Number | Name Status | Name | Assoc Search |
|---|---|---|---|---|---|---|
| 1 | FBC | ACT | 558650-84 | CUR | SELECT PORTFOLIO SERVICING, INC. | Search |
| 2 | FBC | ACT | 558650-84 | PRE | SELECT PORTFOLIO SERVICING, INC. | Search |

© 2015 Oregon Secretary of State. All Rights Reserved.

Case 15-06085-fra    Doc 1    Filed 08/31/15          **ER 9**

Business Registry Business Name Search                    http://egov.sos.state.or.us/br/pkg_web_name_srch...

# Business Registry Business Name Search

## Business Entity Data

**08-25-2015 10:51**

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 558650-84 | FBC | ACT | UTAH | 02-13-1997 | 02-13-2016 | |

| Entity Name | SELECT PORTFOLIO SERVICING, INC. |
|---|---|
| Foreign Name | |

## Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 3815 S WEST TEMPLE | | | |
| Addr 2 | | | | |
| CSZ | SALT LAKE CITY | UT | 84115 | |

| CSZ | | | | Country | UNITED STATES OF AMERICA |
|---|---|---|---|---|---|

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 05-21-1998 | Resign Date | |
|---|---|---|---|---|---|---|
| Of Record | 158720-88 | CORPORATION SERVICE COMPANY | | | | |
| Addr 1 | 1127 BROADWAY STREET NE STE 310 | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97301 | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | ATTN COMPLIANCE DEPARTMENT | | | |
| Addr 2 | 3815 S WEST TEMPLE | | | |
| CSZ | SALT LAKE CITY | UT | 84115 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date | |
|---|---|---|---|---|---|
| Name | TIMOTHY | J | O'BRIEN | | |
| Addr 1 | 3815 S WEST TEMPLE | | | | |

Business Registry Business Name Search                     http://egov.sos.state.or.us/br/pkg_web_name_srch...

| Addr 2 | | | | | | |
|---|---|---|---|---|---|---|
| CSZ | SALT LAKE CITY | UT | 84115 | | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | JASON | | H | MILLER | | |
| Addr 1 | 3815 S WEST TEMPLE | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALT LAKE CITY | UT | 84115 | | Country | UNITED STATES OF AMERICA |

**New Search**

# Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| SELECT PORTFOLIO SERVICING, INC. | EN | CUR | 06-30-2004 | |
| FAIRBANKS CAPITAL CORP. | EN | PRE | 06-22-2004 | 06-30-2004 |
| SELECT PORTFOLIO SERVICING, INC. | EN | PRE | 06-01-2004 | 06-22-2004 |
| FAIRBANKS CAPITAL CORP. | EN | PRE | 02-13-1997 | 06-01-2004 |

Please read before ordering Copies.

**New Search**

# Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | CHANGE OF REGISTERED AGENT/ADDRESS | 03-24-2015 | | FI | | |
|  | AMENDED ANNUAL REPORT | 01-30-2015 | | FI | | |
|  | AMENDED ANNUAL REPORT | 01-17-2014 | | FI | | |
|  | AMENDED ANNUAL REPORT | 01-04-2013 | | FI | | |
|  | AMENDED ANNUAL REPORT | 01-05-2012 | | FI | | |

Case 15-06085-fra    Doc 1    Filed 08/31/15        **ER 11**

| | ANNUAL REPORT PAYMENT | 01-27-2011 | 01-26-2011 | SYS | | |
|---|---|---|---|---|---|---|
| | ANNUAL REPORT PAYMENT | 12-30-2009 | 12-28-2009 | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 01-14-2009 | | FI | | |
| | ANNUAL REPORT PAYMENT | 12-31-2008 | 12-30-2008 | SYS | | |
| | ANNUAL REPORT PAYMENT | 01-09-2008 | 01-07-2008 | SYS | | |
| | ANNUAL REPORT PAYMENT | 01-04-2007 | 01-03-2007 | SYS | | |
| | ANNUAL REPORT PAYMENT | 02-10-2006 | | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 03-11-2005 | | FI | | |
| | ANNUAL REPORT PAYMENT | 03-09-2005 | | SYS | | |
| | NOTICE LATE ANNUAL | 02-18-2005 | | SYS | | |
| | AMENDMENT TO AUTHORITY | 06-30-2004 | | FI | Name | |
| | AMENDMENT TO AUTHORITY | 06-22-2004 | | FI | Name | |
| | AMENDMENT TO AUTHORITY | 06-01-2004 | | FI | Name | |
| | ANNUAL REPORT PAYMENT | 01-28-2004 | | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 11-05-2003 | | FI | | |
| | ANNUAL REPORT PAYMENT | 02-04-2003 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 01-28-2002 | | SYS | | |

Business Registry Business Name Search                    http://egov.sos.state.or.us/br/pkg_web_name_srch...

| | ANNUAL REPORT PAYMENT | 02-05-2001 | | SYS | | |
|---|---|---|---|---|---|---|
| | STRAIGHT RENEWAL | 01-19-2000 | | FI | | |
| | CHANGED RENEWAL | 02-11-1999 | | FI | | |
| | STRAIGHT RENEWAL | 02-03-1999 | | FI | | |
| | AGENT/AUTH REP CHNG | 05-21-1998 | | FI | | |
| | STRAIGHT RENEWAL | 01-21-1998 | | FI | | |
| | CHANGED RENEWAL | 01-21-1998 | | FI | | |
| | GENERAL DATA CHANGE | 07-21-1997 | | FI | | |
| | NEW FILING | 02-13-1997 | | FI | | |

© 2015  Oregon Secretary of State.  All Rights Reserved.

08/25/2015 10:51 AM

Case 15-06085-fra    Doc 1    Filed 08/31/15          ER 13

http://egov.sos.state.or.us/br/pkg_web_name_srch...

# Business Registry Business Name Search

## Business Entity Names returned for:
### Name: BANK OF NEW YORK MELLON
### Using: Exact Words in Any Word Order
### For Active and Inactive businesses.

**New Search**

08-25-2015 10:52

| Record No | Entity Type | Entity Status | Registry Number | Name Status | Name | Assoc Search |
|---|---|---|---|---|---|---|

Your search returned no business entity names.

© 2015  Oregon Secretary of State.  All Rights Reserved.

Case 15-06085-fra    Doc 1    Filed 08/31/15    **ER 14**

| B104 (10/06)    **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LORI DIANE BACZKOWSKI,\ | **DEFENDANTS**<br>"BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 200723CB, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 200723CB"<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON<br><br>SELECT PORTFOLIO SERVICING, INC. |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>N/A | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☒Debtor  ☐Creditor  ☐Trustee  ☐U.S. Trustee  ☐Other | **PARTY** (Check One Box Only)<br>☐Debtor  ☒Creditor  ☐Trustee  ☐U.S. Trustee  ☐Other |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
ADVERSE CLAIMS TO REAL PROPERTY. 28 U.S.C.A. §157 and §1334

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐11-Recovery of money/property - §542 turnover of property
☐12-Recovery of money/property - §547 preference
☐13-Recovery of money/property - §548 fraudulent transfer
☐14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☒21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐61-Dischargeability §523(a)(5), domestic support
☐68-Dischargeability §523(a)(6), willful and malicious injury
☐63-Dischargeability §523(a)(8), student loan
☐64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐71-Injunctive relief - reinstatement of stay
☒72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☒91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐01-Determination of removed claim or cause

**Other**
☐SS-SIPA Case - 15 USC §§78aaa *et. seq.*
☐02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒Check if this case involves a substantive issue of state law | ☐Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
REMOVE CLOUD FROM TITLE AS FURTHER NECESSARY OR PROPER RELIEF

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**LORI DIANE BACZKOWSKI** | | BANKRUPTCY CASE NO.<br>**1562839fra13** |
| DISTRICT IN WHICH CASE IS PENDING<br>**OREGON** | DIVISIONAL OFFICE<br>**EUGENE** | NAME OF JUDGE<br>**Frank R Alley III** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Lori Diane Baczkowski* | | |
| DATE<br>8 / 31 / 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**LORI DIANE BACZKOWSKI "pro se"** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties**. Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

APCS-B104 (10/16/06)    Page 2 of 2

**ER 16**

Oren B. Haker, OSB No. 130162
Crystal S. Chase, OSB No. 093104
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

      Attorneys for Defendants Bank
      of New York Mellon as Trustee and
      Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| In re | Case No. 15-62839-fra13 |
| LORI DIANE BACZKOWSKI, | |
|       Debtor. | |
| | |
| LORI DIANE BACZKOWSKI, | Adversary Proceeding No. 15-06085-fra |
|       Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB AND SELECT PORTFOLIO SERVICING, INC. |
|       v. | |
| BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON , SELECT PORTFOLIO SERVICING, INC., | |
|       Defendants. | |

      Defendants Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on

Behalf of the Holders of the Alternative Loan Trust 2007-23CB, Mortgage Pass-Through

Certificates, Series 2007-23CB (the "**Trust**") and Select Portfolio Servicing, Inc. ("**SPS**")

(collectively, "**Defendants**"), by and through their undersigned counsel, for their Answer and

Affirmative Defenses to the Complaint (the "**Complaint**") filed by Plaintiff Lori Diane

Baczkowski (*pro se*) ("**Debtor**"), states as follows:

1. Parties and Jurisdiction

1.      In response to paragraph 1 "Parties and Jurisdiction," Defendants admit that

Debtor is the owner of property located at 6101 Fish Hatchery Road, Grants Pass, Oregon 97527,

which she purchased with a loan ("**Loan**") evidenced by a promissory note in the amount of

$200,000 ("**Note**") that was secured by a Deed of Trust recorded in the real property records of

Josephine County on July 9, 2007 as Instrument No. 2007-013283 ("**Trust Deed**").  Defendants

further admit that the Trust is the holder of the Note and Trust Deed and that SPS is the servicer

on the Loan.  Defendants further admit that SPS is a Utah corporation with its principal place of

business in Salt Lake City, Utah, and that SPS is registered to do business in Oregon.  The

allegations relating to Defendant Quality Loan Service Corporation do not relate to Defendants

and therefore no response is required by Defendants as to those allegations.  The records of the

Oregon Secretary of State speak for themselves and therefore no further response as to the

allegations of the contents of those records is required.  The allegations regarding jurisdiction are

legal conclusions that do not require a response.  Except as expressly admitted, Defendants deny

each of the allegations in paragraph 1.

2. Adversary

2.      In response to paragraph 2, "Adversary," Defendants lack information sufficient

to admit or deny the allegations in the first sentence of paragraph 2, and on that basis deny them.

Defendants deny the allegations in the second sentence of paragraph 2.

### 3.  Rule 7008 statement

3.       In response to paragraph 3, "Rule 7008 statement," Defendants admit that this proceeding is non-core and Defendants consent to entry of a final order or judgment by the United States Bankruptcy Court for the District of Oregon ("**Bankruptcy Court**").  The remaining allegations in paragraph 3 are legal conclusions which do not require a response. Except as expressly admitted, Defendants deny each of the allegations in paragraph 3.

### 4. Judgment sought

4.       In response to paragraph 4, "Judgment sought," Defendants deny each of the allegations in paragraph 4 and specifically deny that the Debtor is entitled to any of the relief requested.

### 5.  Injunctive relief

5.       In response to paragraph 5, "Injunctive relief," Defendants deny each of the allegations in paragraph 5 and specifically deny that the Debtor is entitled to any of the relief requested.

### 6.  Recovering my costs and disbursements

6.       In response to paragraph 6, "Recovering my costs and disbursements," Defendants deny each of the allegations in paragraph 6 and specifically deny that the Debtor is entitled to any of the relief requested.

### 7.  Request for relief

7.       In response to paragraph 7, "Request for relief," Defendants deny each of the allegations in paragraph 7 and specifically deny that the Debtor is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Waiver / Estoppel)

8.      The Debtor's claim in this proceeding is barred by waiver and/or estoppel.

### Second Affirmative Defense

(Failure to State a Claim)

9.      The Debtor fails to state a claim for relief.

### Third Affirmative Defense

(Reservation of Additional Defenses)

10.      Defendants' review of the Debtor's claim is ongoing and Defendants reserve the

right to assert additional affirmative defenses as the case proceeds.

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Debtor's complaint be dismissed with prejudice;

2.      For its attorney fees, costs and disbursements; and

3.      For such other relief as the Bankruptcy Court deems just and proper.

DATED:  October 14, 2015.                STOEL RIVES LLP


_/s/ Oren B. Haker_____
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
oren.haker@stoel.com
crystal.chase@stoel.com

Attorneys for Defendants Bank of New York
   Mellon as Trustee and Select Portfolio
   Servicing, Inc.

**ER 20**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **ANSWER AND AFFIRMATIVE**

**DEFENSES OF DEFENDANTS BANK OF NEW YORK MELLON AS TRUSTEE AND**

**SELECT PORTFOLIO SERVICING, INC.** by electronic notice via CM/ECF on the date

indicated below to the following:

- Naliko Markel     ecf@eugene13.com
- CASEY C PENCE     bknotice@mccarthyholthus.com
- US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov

and by mailing with postage prepaid on the date indicated below to said person(s) a true copy

thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known

address(es) indicated below.

> Lori Diane Baczkowski
> 1025 NE Fall Dr
> Grants Pass, OR 97526

DATED:  October 14, 2015.

STOEL RIVES LLP


*/s/ Oren B. Haker*_____
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
oren.haker@stoel.com
crystal.chase@stoel.com

Attorneys for Defendants Bank of New York Mellon
    as Trustee and Select Portfolio Servicing, Inc.

Casey C. Pence, OSB 975271             The Honorable Frank R. Alley
**McCarthy & Holthus, LLP**             Chapter 13
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
Phone (971) 201-3210
Fax (971) 201-3202

Attorneys for Quality Loan Service
Corporation of Washington

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>LORI DIANE BACZKOWSKI,<br><br>          Debtor. | Case No. 15-62839-fra13 |
| LORI DIANE BACZKOWSKI and NALIKO MARKEL as Trustee,<br><br>          Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, AND SELECT PORTFOLIO SERVICING, INC.,<br><br>          Defendants. | Adversary Proceeding 15-06085-fra<br><br>**QUALITY LOAN SERVICE CORPORATION OF WASHINTON'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

     COMES NOW Defendant, Quality Loan Service Corporation of Washington ("Quality"),

by and through its undersigned attorney of record, Casey C. Pence, McCarthy & Holthus, LLP,

and submits the following Answer to Plaintiffs' Complaint to for Declaratory and Injunctive

Relief:

ANSWER AND AFFIRMATIVE DEFENSE-1
OR-15-119534

**McCarthy & Holthus, LLP**
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
(971) 201-3200

**ER 22**

1.   As to Paragraph 1, Quality admits that Plaintiff Baczkowski is the owner of the subject property located at 6101 Fish Hatchery Road, Grants Pass, OR 97527 (the "Real Property") at all times relevant to the Adversary Complaint (the "Real Property").  As to the allegations regarding Naliko Markel, Quality is without sufficient knowledge or information to form a belief about the truth of the allegations, therefore, Quality denies the same.  As to the averments and allegations regarding the Trust and the registration of all parties other than Quality, these averments and allegations do not relate to Quality, so no response is required.  Quality admits that it is registered to do business in the State of Oregon, and asserts that the Oregon Secretary of State records speak for themselves.  As to the allegation regarding jurisdiction in Paragraph 1, Quality maintains this is a legal conclusion for which no answer is required.  As to any allegations or averments left unanswered in this response to Paragraph 1, Quality denies the same.

2.   As to Paragraph 2, as to the averment "I commence this adversary proceeding to determine the validity or extend of Defendants' claim(s) against the subject real property", Quality is without sufficient knowledge or information to form a belief about the truth of the averment, and therefore denies the same.  As to the remaining averments and allegations, Quality denies the same.

3.   As to Paragraph 3, Quality admits this is a non-core proceeding and consents to entry of a final order by the Bankruptcy Court.  As to the balance of Paragraph 3, Quality is not required to respond to legal conclusions and additionally denies all remaining allegations which are not legal conclusions.

4.   As to the entire Paragraph 4, Quality denies the same.  To the extent Plaintiff Baczkowski is stating she is seeking to determine Quality's interest in the Real Property, however, it admits it has none, and asserts it should be dismissed from this action.

ANSWER AND AFFIRMATIVE DEFENSE-2
OR-15-119534

**McCarthy & Holthus, LLP**
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
(971) 201-3200

**ER 23**

Case 15-06085-fra    Doc 14    Filed 10/14/15

5.  As to the entire Paragraph 5, Quality denies the same.

6.  As to entire Paragraph 6, Quality denies the same.

7.  As to the entire Paragraph 7, Quality denies the same.

**AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

8.  The Debtor fails to state a claim for relief.

WHEREFORE, Defendant prays as follows:

1.  That the relief requested in the Complaint be denied and the case dismissed with prejudice;

2.  That Quality be dismissed from this proceeding as it claims no interest in the Real Property and the Adversary Complaint contains no factual allegations against Quality supporting any other cause of action;

3.  That Quality is awarded its fees and costs in having to defend against the Adversary Complaint filed in this action; and

4.  For such other relief as this Court deems proper.

Dated: 10/14/2015                    McCarthy & Holthus, LLP

                                     By:  /s/  Casey C. Pence
                                          Casey C. Pence, OSB 975271
                                          **McCarthy & Holthus, LLP**
                                          920 SW 3rd Avenue, 1st Floor
                                          Portland, OR 97204
                                          Attorneys for Defendant, Quality Loan
                                          Services Corp.

ANSWER AND AFFIRMATIVE DEFENSE-3
OR-15-119534

**McCarthy & Holthus, LLP**
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
(971) 201-3200

**ER 24**

Case 15-06085-fra    Doc 14    Filed 10/14/15

## CERTIFICATE OF SERVICE

On 10/14/2015, I served the foregoing documents described as **QUALITY LOAN SERVICES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** on the following individuals by electronic means through the Court's ECF program:

> Naliko Markel
> general@eugene13.com
>
> Crystal K Chase
> crystal.chase@stoel.com
>
> Oren B. Haker
> obhaker@stoel.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Bogdan Radulescu
Bogdan Radulescu

On 10/14/2015, I served the foregoing documents described as **QUALITY LOAN SERVICES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** on the following individuals by depositing true copies thereof in the United States mail at San Diego, CA, enclosed in a sealed envelope, with postage paid, addressed as follows:

> DEBTOR
> Lori Diane Baczkowski
> 1025 NE Fall Drive, Grants Pass, OR 97526
>
> US TRUSTEE
> 405 E 8th Ave #1100
> Eugene, OR 97401
>
> NALIKO MARKEL
> POB 467
> Eugene, OR 97440

CERTIFICATE OF SERVICE -1
OR-15-119534

**McCarthy & Holthus, LLP**
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
(971) 201-3200

**ER 25**

BANK OF NEW YORK MELLON AS TRUSTEE
AND SELECT PORTFOLIO SERVICING, INC.
Oren B. Haker, OSB No. 130162
Crystal S. Chase, OSB No. 093104
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: 10/14/2015

/s/ Christian Aguilar

Christian Aguilar

CERTIFICATE OF SERVICE -2
OR-15-119534

**McCarthy & Holthus, LLP**
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
(971) 201-3200

**ER 26**

Case 15-06085-fra     Doc 14     Filed 10/14/15

Lori Diane Baczkowski, Debtor *in propria persona*
1025 NE Fall Drive
Grants Pass, OR 97526
Telephone: 541-441-3898

CLERK US BANKRUPTCY COURT
DISTRICT OF OREGON

2015 NOV 16  AM 11: 26

LODGED_____ _____
PAID_____ DOCKETED_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

"In re LORI DIANE BACZKOWSKI,
Debtor,"

CASE NO. 15-62839-fra13

Chapter 13

REQUEST TO DISMISS

    I request this court dismiss this case according to 11 U.S.C. § 1307(b).  To the
best of my knowledge, this case has not been converted.

*Submitted with all rights reserved on November* /3th *, 2015*

Lori Diane Baczkowski, Debtor *in propria persona*

*I certify on this date I served a true
copy of this Request on the trustee*

**U.S. BANKRUPTCY COURT**
**DISTRICT OF OREGON**
# F I L E D

**December 11, 2015**

**Clerk, U.S. Bankruptcy Court**

## Below is an order of the Court.

**U.S. Bankruptcy Judge**

OD2 (6/29/12) dcm

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
 **Lori Diane Baczkowski,** xxx–xx–8978
Debtor(s)

)
)
)
)
)
)
)

Case No.  **15–62839–fra13**

ORDER OF DISMISSAL
AND ADMINISTRATIVELY
CLOSING CASE

The Court finding that:

    **The debtor(s) filed a motion to dismiss this case.**

**IT IS ORDERED** that:

1. This case is dismissed; this case is closed, but only for administrative purposes; and the court shall retain jurisdiction over any adversary proceeding pending at the time of closure.

2. Any trustee (except any Chapter 7 trustee who has already filed a "no asset" inventory and report, and who has not subsequently collected any estate assets) must file any final account as required by Local Rule 2015–1, and upon filing any such final account and any additional final report or account required by the UST the trustee shall, without further court order, be discharged as trustee of the debtor's estate.

3. Any unpaid filing fees are now due and owing. The court will not entertain a motion to reopen this case, or a motion for reconsideration of this order, unless all unpaid fees are paid.

4. Dismissal of the case does not reinstate any transfer avoided by a Chapter 12 or 13 trustee under 11 USC §§544, 547, 548 or 549 to the extent the trustee has received and disbursed proceeds of avoided transfers pursuant to a confirmed Chapter 12 or 13 plan.

5. No further payments will be made to creditors by a trustee; the Bankruptcy Code provisions for an automatic stay of certain acts and proceedings against the debtor(s) and co–debtors and their property are no longer in effect; and creditors should now look directly to the debtor(s) for satisfaction of any balances owing upon their claims.

6. Any previously entered order directing Chapter 13 payments to a trustee is terminated **AND THE DEBTOR'S EMPLOYER (OR OTHER NAMED PARTY) SHOULD DISCONTINUE MAKING PAYMENTS TO THE TRUSTEE.**

### ###

32

**ER 28**

DISTRICT OF OREGON

**F I L E D**

**January 12, 2016**

**Clerk, U.S. Bankruptcy Court**

1

2

3

4

5

6

7

8                           UNITED STATES BANKRUPTCY COURT

9                             FOR THE DISTRICT OF OREGON

10   IN RE                            )        Bankruptcy Case
                                      )        No. 15-62839-fra13
11   LORI DIANE BACZKOWSKI,           )
                                      )
12   _____Debtor.          )
                                      )        Adversary Proceeding
13   LORI DIANE BACZKOWSKI,           )        No. 15-06085-fra
                                      )
14                        Plaintiff,  )
            vs.                       )
15                                    )
     BANK OF NEW YORK MELLON; QUALITY )
16   LOAN SERVICE CORPORATION OF      )
     WASHINGTON; and SELECT PORTFOLIO )
17   SERVICING, INC.,                 )
                                      )        ORDER OF DISMISSAL
18   _____Defendants.      )

19        The above-captioned adversary proceeding was commenced on August 31, 2015.  The underlying

20   Chapter 13 case was ordered dismissed on December 11, 2015 (see docket #32 in Case No. 15-62839-fra13).

21        Dismissal of the underlying Chapter 13 case deprives the Court of jurisdiction in the above-captioned

22   adversary proceeding.  For that reason, it is

23        **ORDERED** that the above-captioned adversary proceeding be, and the same hereby is, DISMISSED.

24

25                                             FRANK R. ALLEY, III
                                               Bankruptcy Judge
26

Oren B. Haker, OSB No. 130162
Crystal S. Chase, OSB No. 093104
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

      Attorneys for Defendants Bank
      of New York Mellon as Trustee and
      Select Portfolio Servicing, Inc.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| In re | Case No. 15-62839-fra13 |
| LORI DIANE BACZKOWSKI, | |
|      Debtor. | |
| | |
| LORI DIANE BACZKOWSKI, | Adversary Proceeding No. 15-06085-fra |
|      Plaintiff, | APPELLEES' DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL |
|      v. | |
| BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON , SELECT PORTFOLIO SERVICING, INC., | |
|      Defendants. | |

Defendants Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2007-23CB, Mortgage Pass-Through Certificates, Series 2007-23CB (the "**Trust**") and Select Portfolio Servicing, Inc. ("**SPS**") (collectively, "**Appellees**") pursuant to Federal Rule of Bankruptcy Procedure 8009, submits its designation of additional items in the record ("Supplemental Designation of Record").

Appellees designate the following items to be included in the record in addition to the items designated in Appellant's Designation of Record and Statement of Issues (Docket No. 30). To the extent exhibits are attached to or referred to in any of the items identified below, they shall be included in the Designation of Record.  In addition, Appellees hereby designate in the record on appeal the transcripts of the court hearings and status conference hearings as further identified below and in Appellees' *Notification of Ordering Transcript on Appeal* ("Transcript Notification").  The Transcript Notification is being filed with the Court simultaneously with this Designation of Additional Items to be Included in the Record.

In the adversary proceeding, *Baczkowski v. Bank of New York Mellon, as Trustee, et al.*, Case No. 15-06085-fra, Appellees designate the entire record from that proceeding (Docket #1 - #32), including the transcript of the Pre-Trial Hearing held on November 19, 2015 (Docket # 20), which has been ordered today per the accompanying Transcript Notification.

Second, in the main bankruptcy case, *In re Baczkowski*, Case No. 15-62839-fra13, Appellees designate the following documents:

| Docket # | Date Filed | Description of Document/Date Entered |
|---|---|---|
| 2 | 08/20/2015 | Chapter 13 Voluntary Petition Filed by Lori Diane Baczkowski (mlm) (Entered: 08/20/2015) |

| 10 | 08/31/2015 | Missing Documents All Schedules and Summary of Schedules and Unsworn Declaration: Exhibit D1 Financial Review of Debtors Farming/Fishing Business.: Exhibit D2 Financial Review of Debtors Non Farming/Fishing Business: Statement of Financial Affairs and Unsworn Declaration: Filed By Debtor Lori Diane Baczkowski (dcm) Modified on 9/1/2015 Corrected: Attached Correct Document (krw). (Entered: 08/31/2015) |
| --- | --- | --- |
| 13 | 08/31/2015 | INITIAL Chapter 13 PLAN Filed by Debtor Lori Diane Baczkowski (dcm) (Entered: 08/31/2015) |
| 15 | 08/31/2015 | Notice of Amended Schedules and Amended Schedules Creditor Mailing List Filed By Debtor Lori Diane Baczkowski (dcm) (Entered: 08/31/2015) |
| 17 | 08/31/2015 | Adversary case 1506085. Complaint by Lori Diane Baczkowski against Bank Of New York Mellon, F/K/A The Bank Of New York, As Trustee, On Behalf Of The Holders Of The Alternative Loan Trust 200723Cb, Mortgage Pass Through Certificates, Series 200723Cb , Quality Loan Service Corporation of Washington , Select Portfolio Servicing, Inc. Fee Exempt Nature of Suit:(21 (Validity, priority or extent of lien or other interest in property)) ,(72 (Injunctive relief other)) ,(91 (Declaratory judgment))(dcm) (Entered: 09/01/2015) |
| 22 | 10/15/2015 | Objection to Confirmation of Plan Filed by Creditor Bank of New York Mellon (Re: 13 INITIAL Chapter 13 PLAN Filed by Debtor Lori Diane Baczkowski (dcm)). (HAKER, OREN) (Entered: 10/15/2015) |
| 23 | 10/16/2015 | Objection to Confirmation of Plan and Motion to Dismiss. (Markel, Naliko) (Entered: 10/16/2015) |
| 24 | 10/22/2015 | Motion to Reschedule Confirmation Hearing Filed by Debtor Lori Diane Baczkowski Re: 13 INITIAL Chapter 13 PLAN Filed by Debtor Lori Diane Baczkowski (dcm) filed by Debtor Lori Diane Baczkowski (dcm) (Entered: 10/22/2015) |
| 25 | 10/23/2015 | Order Granting Motion to Continue/Reschedule Confirmation Hearing. Rescheduled Confirmation Hearing to be Held on 1/21/2016 at 10:00 AM at U.S. District Courtroom, U.S. Courthouse, Medford. (dcm) (Entered: 10/23/2015) |

| 27 | 11/16/2015 | Motion to Dismiss Case Filed by Debtor Lori Diane Baczkowski (jth) (Entered: 11/16/2015) |
| 28 | 11/16/2015 | Notice of Proposed Dismissal Re: 27 Motion to Dismiss Case Filed by Debtor Lori Diane Baczkowski (jth). Court Review 12/10/2015. (jth) (Entered: 11/16/2015) |
| 32 | 12/11/2015 | Order of Dismissal and Administratively Closing Case Re: Upon Debtor's Motion to Dismiss (dcm) (Entered: 12/11/2015) |
| 33 | 12/13/2015 | Certificate of Notice Re: 32 Order of Dismissal and Administratively Closing Case Re: Upon Debtor's Motion to Dismiss (dcm). (Admin.) (Entered: 12/13/2015) |
| 34 | 12/15/2015 | Chapter 13 Trustee's Final Account and Report. (Markel, Naliko) (Entered: 12/15/2015) |

DATED:  February 23, 2016.

STOEL RIVES LLP

s/ Crystal S. Chase
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
oren.haker@stoel.com
crystal.chase@stoel.com

Attorneys for Defendants Bank of New York
  Mellon as Trustee and Select Portfolio
  Servicing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **APPELLEES' DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL** by electronic notice via CM/ECF on the date indicated below to the following:

- Naliko Markel          ecf@eugene13.com
- CASEY C PENCE      bknotice@mccarthyholthus.com
- US Trustee, Eugene   USTPRegion18.EG.ECF@usdoj.gov

and by mailing with postage prepaid on the date indicated below to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

> Lori Diane Baczkowski
> 1025 NE Fall Dr
> Grants Pass, OR 97526

DATED:  February 23, 2016.

STOEL RIVES LLP

_s/ Crystal S. Chase_
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
oren.haker@stoel.com
crystal.chase@stoel.com

Attorneys for Defendants Bank of New York
  Mellon as Trustee and Select Portfolio Servicing,
  Inc.

**ER 34**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) |
| | ) |
| Lori Diane Baczkowski, | ) Case No. |
| | ) 15-62839-fra13 |
|      Debtor. | ) |
| ——————————————————— | ) |
| | ) |
| LORI DIANE BACZKOWSKI, | ) |
| | ) |
|      Plaintiff, | ) Adversary No. |
| | ) 15-6085-fra |
|    v. | ) |
| | ) MEDFORD, OREGON |
| BANK OF NEW YORK MELLON, et al. | ) November 19, 2015 |
| | ) |
|      Defendants. | ) |
| ——————————————————— | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE FRANK R. ALLEY, III
(Via Telephone)
United States Bankruptcy Judge

APPEARANCES OF COUNSEL:

Attorney for the Plaintiff

     Ms. Lori Diane Baczkowski, Pro Se Plaintiff
     (Via Telephone)

Attorneys for Bank of New York Mellon:

     Mr. Oren Buchanan Haker and
     Ms. Crystal S. Chase
     (Via Telephone)
     STOEL RIVES, LLP
     900 Southwest Fifth Avenue, #2600
     Portland, Oregon 97204
     (503) 294-9338
     obhaker@stoel.com
     cschase@stoel.com

```
 1  Attorney for Quality Loan Service Corporation of
    Washington:
 2
            Ms. Casey C. Pence
 3          (Via Telephone)
            MCCARTHY HOLTHUS, LLP
 4          920 Southwest Third Avenue, First Floor
            Portland, Oregon  97204
 5          (971) 201-3200
            cpence@mccarthyholthus.com
 6
 7                  *           *           *
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S

 2

 3             (The FTR recording started at 1:31:45 PM.)

 4

 5             THE COURT:  All right.  Baczkowski vs.

 6   Bank of New York Mellon (inaudible).

 7             Where are we (inaudible)?

 8             You're the claimant?

 9             MS. BACZKOWSKI:  Yes.

10             THE COURT:  Did I pronounce your name

11   correctly?

12             MS. BACZKOWSKI:  It's Baczkowski.

13             THE COURT:  It's Baczkowski?

14             MS. BACZKOWSKI:  Yes.

15             THE COURT:  I came pretty close.

16             This is a pretrial conference in an

17   adversary proceeding that Baczkowski brought against

18   Bank of New York Mellon and others.  Looks like

19   (inaudible).  It appears to have been filed on behalf

20   of Bank of New York Mellon and (Inaudible) Service

21   Corporation in Washington.

22             Are you, Mr. Peeker (ph) or Ms. Pence, on

23   the line?

24             MR. HAKER:  Mr. -- Mr. Haker here --

25   Mr. Haker is -- Oren Haker on behalf of BONY Mellon.
```

1             MS. PENCE:  Casey Pence on behalf of
2  Quality Loan Service Corporation of Washington.
3             MS. CHASE:  And Crystal Chase also on
4  behalf of BONY Mellon.
5             THE COURT:  This is a pretrial conference,
6  and the point of a pretrial conference is to kind of
7  iron out the procedures.  I'm not going to make any
8  decisions here today.
9             But there is one thing, Ms. Baczkowski,
10 (inaudible) documents in the remaining bankruptcy
11 case.
12            MS. BACZKOWSKI:  Yes.
13            THE COURT:  And I see that you -- you
14 (inaudible).
15            MS. BACZKOWSKI:  That was correct, Your
16 Honor.
17            THE COURT:  I need you to understand, if
18 the main case is dismissed, I won't have any more
19 jurisdiction in the adversary.
20            MS. BACZKOWSKI:  I was not aware of
21 that.
22            THE COURT:  You are now.
23            And it's -- it could be (inaudible).  My
24 jurisdiction extends to matters relating to or arising
25 out of bankruptcy cases.  If there's no bankruptcy

1  case, then I don't have any authority to deal with the

2  issues which you've raised in your complaint against

3  the bank and servicer, and all issues you would have

4  to take to state court.

5              MS. BACZKOWSKI:  So me filing the

6  adversary is not even -- I'm not able to go through

7  with why I'm here today?

8              THE COURT:  Well, we could.  Your case

9  isn't --

10              MS. BACZKOWSKI:  Because I -- I was trying

11  to do a summary judgment at this point.

12              THE COURT:  (Inaudible.)  If you want to

13  file a motion for summary judgment, you have to file a

14  written motion, and you have to give the parties

15  opposing the motion a couple of weeks to try to

16  respond to you.  And then the Court sets the

17  hearing.

18              MS. BACZKOWSKI:  Isn't that what I was

19  trying to do?

20              THE COURT:  But -- but by that time we're

21  not going to have a case.  If you you're not in

22  bankruptcy, then you can't really be (inaudible).

23              (No audio at 1:35:05 PM through

24              1:37:35 PM.)

25              (Brief recess was taken at 1:37:35 PM.

```
 1                    Resume at 1:41:08 PM.)
 2                    (No audio at 1:41:08 PM through
 3           1:41:21 PM.)
 4                    THE COURT:  -- we receive your (inaudible)
 5     you've got to start the payments you proposed.  And so
 6     there are trustee's objections.  There are questions
 7     about the arrearages, about you (inaudible) mortgage
 8     payment, and so forth.  I'm not going to try to
 9     resolve that right now.
10                    What I'm going to tell you is, if you want
11     to continue in the bankruptcy court, you've got to
12     file a written withdrawal of your motion so that the
13     parties could object to (inaudible) allow it.  But a
14     condition of that is you have to make plan payments.
15     (Inaudible.)
16                    MS. BACZKOWSKI:  I understand that.
17                    THE COURT:  So you might talk to the
18     trustee and work out an arrangement with him as far as
19     how you can get those back payments caught up.
20                    I would (inaudible).  Mr. -- Ms. Pence,
21     you've heard me do all the talking.  Do you have any
22     thoughts?
23                    MS. CHASE:  Your Honor, this is Ms. Chase.
24                    I would just add that BONY -- Bank of New
25     York Mellon also filed a motion to dismiss which I
```

1  understand we don't need to deal with at this
2  juncture, but we would ask that still be considered if
3  the payments were made and the notice to withdraw the
4  motion to dismiss was filed by debtor.
5                THE COURT:  So, I mean, what happened is,
6  when the debtor filed her own motion to dismiss, none
7  of the motions to dismiss from the trustee or -- or
8  creditors got on the calendar.  So what would be
9  better at this point is (inaudible) once you notify
10  the court in writing that you want to withdraw your
11  (inaudible) case, I'll allow it.  I'll enter an order
12  that sets the date and time for confirmation hearing,
13  and I will order a deadline for making monthly
14  payments.
15                I want to hear what the trustee has to say
16  about that before I meet with (inaudible).  What I can
17  tell you is, if you act before the 10th of December,
18  which you have to do, there will probably be a
19  confirmation hearing either down here in January or
20  later in January up in Eugene.  You're going to have
21  to have all of your plan payments current by then, or
22  the case can't go forward.
23                And I'm just going to book -- I'm going to
24  hold the adversary proceeding in abeyance until we
25  find out whether your main case is going to go forward

1   or not.  I don't want to (inaudible) outset.  You

2   don't have to be in federal court.

3              As long as the issues weren't big enough

4   in the state court, you can (inaudible).  If you want

5   to be in bankruptcy court, you can only be there if a

6   case is related to a bankruptcy.  We don't -- we don't

7   have the authority to accept filings from people

8   who -- who aren't debtors.

9              All right.  Any other questions?

10             All right.  I look forward to hearing from

11  you between now and the 10th.

12             MS. SPEAKER:  Thank you, Your Honor.

13             THE COURT:  Counsel on the phone, anything

14  else?

15             MR. HAKER:  Oren Haker on behalf of BONY

16  Mellon.  No, Your Honor.  Thank you.

17             MS. PENCE:  Casey Pence on behalf of

18  Quality.  Nothing further, Your Honor.

19             THE COURT:  I didn't ask if trustee's

20  counsel was on the phone.  I didn't anticipate

21  (inaudible).  (Inaudible) advised (inaudible)

22  trustee's office (inaudible).

23             MS. SPEAKER:  Okay.

24             THE COURT:  Thank you.

25             MR. HAKER:  Thank you, Your Honor.

1                THE COURT:  Thank you, Mr. Haker.

2                (Inaudible) --

3

4                (The FTR recording concluded 1:45:23 PM.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                C E R T I F I C A T E

2

3               I, Shellene L. Iverson, a Certified

4    Shorthand Reporter in and for the state of Oregon,

5    hereby certify that I transcribed all testimony

6    adduced and other oral proceedings had in the

7    foregoing matter from the FTR recording made at the

8    time of proceedings.  The foregoing transcript, pages

9    3 through 9, constitutes a full, true, and accurate

10   record of such testimony adduced and other oral

11   proceedings had and the whole thereof to the best of

12   my knowledge, ability, and belief.

13               Witness my hand and seal at

14   Milwaukie, Oregon, this 4th day of March 2016.

15

16

17   _____ /S/ _____
                          Shellene L. Iverson
18                        Certified Shorthand Reporter
                          Certificate No. 03-0386
19                        Certificate Expires:  9/30/18

20

21

22

23

24

25

NFT (12/1/14) pjk

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**

March 7, 2016

Clerk, U.S. Bankruptcy Court

BY **pjk** DEPUTY

In re )
  **Lori Diane Baczkowski** ) Case No. 15–62839–fra13
            Debtor(s) )
 )
**Lori Diane Baczkowski** ) Adv. Proc. No. 15–06085–fra
            Plaintiff(s) )
 ) NOTICE OF FILING OF
         v. ) TRANSCRIPT AND OF
 ) DEADLINES RELATED TO
**Bank Of New York Mellon** ) RESTRICTION AND REDACTION
**et al.** )
         Defendant(s) )
 )
 )

**ALL PARTIES ARE NOTIFIED THAT:**

1. An electronic transcript of the hearing held on 11/19/15, re Transcript re: Appeal, of Hearing Held on November 19, 2015, and Notice of Filing Thereof, re: 20 Pre–Trial Hearing Held, was filed on 3/7/16.

2. To review the transcript for redaction purposes as set out in pt. 3, you may purchase a copy from the transcriber Capri–Iverson, Shellene Iverson, (503) 274–4644, or you may view the document at the clerk's office.

3. Pursuant to Local Rule 9037–1, the following procedures apply regarding redaction of certain information that could be included in the transcript:

(a) **General**. Each party, including any attorney for the party, must review a transcript for the following information that should be redacted under the Judicial Conference's privacy policy: SSNs and ITINs should be redacted to show only the last four digits; birth dates should contain only the year of birth; individuals known to be minors should be referred to only with initials; and financial account numbers should be redacted to show only the last four digits. [NOTE: The Local Rule was adopted pursuant to a privacy policy promulgated and required for use by the Judicial Conference of the United States. The Policy Note provided by the Judicial Conference may be obtained from www.privacy.uscourts.gov.]

(b) **Notice of Intent to Request Redaction**. No later than seven days after a transcript is filed, a party must file a notice of that party's intent to request redaction of information from the transcript. A party is responsible for reviewing the opening and closing statements made on behalf of that party, any statements made by that party, and the testimony of any witness called by that party. If no notice is timely filed, the court will presume that redaction of personal data is not necessary.

(c) **Redaction Request/Completion**. Once a party has filed a notice of intent to request redaction, that party must, no later than 21 days after the transcript was filed, submit to the court reporter or transcriptionist a list of items to be redacted including the transcript page, paragraph, and line in which the personal data appears, and the manner in which each is to be redacted. No later than 31 days after the transcript was filed, the court reporter or transcriptionist must redact the identifiers as directed, and file the redacted transcript. Also during this time period a party may, by motion, request that additional information be redacted. No remote electronic public access to the transcript will be allowed until the court has ruled on any motion regarding its redaction, all redaction deadlines have expired, and all redaction has occurred.

Clerk, U.S. Bankruptcy Court

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **EXCERPT OF RECORD** on the following named person(s) on the date indicated below by

☒   mailing with postage prepaid

☐   hand delivery

☐   facsimile transmission

☐   overnight delivery

☐   email

☐   notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Lori Diane Bacskowski
1025 Ne Fall Drive
Grants Pass, OR 97526

Appellant, *Pro Se*

DATED:  July 13, 2016.

STOEL RIVES LLP


*/s/ Crystal S. Chase*
OREN B. HAKER, OSB No. 130162
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380


Attorneys for Appellees Bank of New York
  Mellon and Select Portfolio Servicing, Inc.