IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LORI DIANE BACZKOWSKI**,

    Appellant,

    v.

**BANK OF NEW YORK MELLON**; **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**; and **SELECT PORTFOLIO SERVICING, INC.**,

    Appellees.

**Civ. No. 6:16-cv-00150-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Appellant, Lori Diane Baczkowski, appeals an order of dismissal from an Adversary Proceeding non-core to a previously dismissed Chapter 13 Proceeding. This Court has jurisdiction on appeal pursuant to 28 U.S.C. § 158(a). *See Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627 (B.A.P. 9th Cir. 1995).

    Appellant alleges the bankruptcy court erred by (1) entering a final order in a non-core adversarial proceeding and (2) violating due process by failing to hear appellant in a meaningful manner and (3) issuing an inequitable order. Because the bankruptcy court's refusal to exercise jurisdiction over the adversary proceeding was not an abuse of discretion, this Court affirms the bankruptcy judge's Adversary Dismissal Order.

### PROCEDURAL AND FACTUAL BACKGROUND

    On August 20, 2015, the Appellant/Debtor filed a Chapter 13 Petition. Debtor scheduled as her residential home certain real property ("Subject Property") and identified that the Subject

1 – OPINION AND ORDER

Property was subject to a first-position mortgage held by the Trust and serviced by Select Portfolio Servicing, Inc. ("SPS"). Def.'s Br. 3, ECF No. 13. Less than two weeks after filing her Chapter 13 Petition, Debtor filed an Adversary Proceedings complaint challenging the nonjudicial foreclosure being made against the Subject Property by the Trust, SPS, and Quality Loan Service Corporation of Washington ("QLS") (the foreclosure trustee). The defending parties filed answers admitting that the Adversary Proceeding was non-core to the bankruptcy and consented to entry of a final order or judgment. Pl.'s Br. 7, ECF No. 11; Def.'s Br. 3-5, ECF No. 13.

On November 16, 2015, Debtor filed a Motion to Dismiss the Chapter 13 Case. On November 19, 2015, the Bankruptcy Court held a pre-trial hearing in the Adversary Proceeding. Def.'s Br. ER 35-45 (11/19/15 Hearing Transcript ("11/19 Tr."), ECF No. 14. At that pre-trial hearing, the Bankruptcy Court raised the issue of Debtor's Motion to Dismiss and explained to Debtor that if the Chapter 13 Case was dismissed, the Bankruptcy Court also intended to dismiss the Adversary Proceeding. Def.'s Br. ER 38-39 (11/19 Tr. at 4:17-5:4), ECF No. 14. The Debtor had an opportunity to withdraw the Motion to Dismiss in order to continue both the Chapter 13 Proceeding and the Adversary Proceeding. Def.'s Br. 3-5, ECF No. 13.

After Debtor failed to withdraw the Motion to Dismiss, the Bankruptcy Court dismissed and administratively closed the Chapter 13 Case on December 11, 2015. Def.'s Br. ER 28 ("Chapter 13 Case Dismissal Order"), ECF No. 14. The Bankruptcy Court subsequently entered the Dismissal Order in the Adversary Proceeding on January 12, 2016. Def.'s Br. ER 19, ECF No. 14. Debtor did not appeal the Chapter 13 Case Dismissal Order.

/ / /

/ / /

2 – OPINION AND ORDER

**STANDARD OF REVIEW**

A bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding is reviewed for an abuse of discretion. *Carraher v. Morgan Elec., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). A bankruptcy court abuses its discretion only if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without factual support. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**I. Consent to Enter a Final Order**

Appellant argues she did not consent, whether explicitly or implicitly, to the bankruptcy court entering a final order of any kind. Appellant's argument runs contrary to her Adversary Complaint where she stated, correctly, that the Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157. The act of filing her complaint with the bankruptcy court while failing to object to the court's jurisdiction is an expression of implied consent to bankruptcy court jurisdiction. *See Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) (choosing to file adversary proceeding in the bankruptcy court, and never objecting to the court's jurisdiction prior to the judgment being rendered, is conduct denoting consent to the court's jurisdiction); *Daniels-Head & Assocs. V. William M. Mercer, Inc. (In re Daniel-Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir. 1987) (citing cases for rule that consent in section 157(c)(2) can be both express and implied). Oregon Local Bankruptcy Rules favor this interpretation. Rule 7008-1 of the Oregon LBRs places the burden on the pleader to waive any objection to the judge's entry of final orders or judgment.

3 – OPINION AND ORDER

## II. Due Process

While Appellant argues there was a violation of due process, she has not presented a sufficient factual or legal basis in her pleadings as to how due process has been violated. A court will not perform a litigant's own work. *E.g., Western Radio Servs. Co. v. Qwest Corp.*, 678 F.2d 970, 979 (9th Cir. 2012).

## III. Order was not inequitable

Appellant also fails to present how the Order of Dismissal was inequitable. Appellant had the opportunity to continue with her Chapter 13 proceeding, preserving her ability to continue with the Adversary Proceeding. Instead, she chose to move forward with the dismissal of her Chapter 13 case. Appellant was fully informed of the consequences of this decision and given more than sufficient time to act in a manner that would preserve her Adversary Proceeding. There is no evidence order to dismiss was inequitable.

## CONCLUSION

The bankruptcy court's final order applied the correct legal standard regarding consent and application of LBR 7008-1. Finding no abuse of discretion, the bankruptcy judge's Adversary Dismissal Order is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of October, 2016.

_____
**Michael J. McShane**
**United States District Judge**

4 – OPINION AND ORDER