FILED 30 NOV '16 10:41 USDC-ORE

Lori Diane Baczkowski, Appellant *in propria persona*
1025 NE Fall Drive
Grants Pass, OR 97526
Telephone: 541-441-3898

### UNITED STATES DISTRICT COURT OF OREGON

| | |
|---|---|
| "LORI DIANE BACZKOWSKI," <br> Appellant, <br><br> v. <br><br> BANK OF NEW YORK MELLON, *et al.,* <br> Appellees. | Case No. 6:16-cv-00150-MC <br><br> Case No. 15-06085-fra <br><br> **APPELLANT'S MOTION FOR EXPEDITED RELIEF FROM JUDGMENT – FRCP 60** <br><br> No Oral Argument Requested |

I move this court for *expedited* relief from its "JUDGMENT."[1] I

base this motion on FRCP 60(b),[2] the case record, my Request for

Judicial Notice, and:

### This Motion is Timely

This Motion is timely filed according to FRCP 60 *and* FRAP 4(a)

(4)(A)(vi). According to this Appellate Rule, to preserve my right of

appeal to the Ninth Circuit I must file this Motion for Relief within 28

---

1 *See* docket #25 "Entered: 11/03/2016"

2 *See also* FRBP 9024: "Rule 60 F.R.Civ.P. applies in cases under the Code. . ."

days of the date the Judgment was entered.  As a matter of law so long as this motion is delivered to this court for filing no later than December 1st that right is preserved.

### Why this Motion should be sufficient for the relief requested

FRCP 60(b) provides **"On motion and just terms, the court may relieve a party** . . . from a final judgment, order, or proceeding for the following reasons. . ."  Therefore, as a matter of law, I make this motion according to this Rule's 60(b)(3), (4), (5) and (6).[3]

The Judgment said "Based on the record, the bankruptcy judge's Adversary Dismissal Order is AFFIRMED and this action is dismissed."  Although Judge McShane provided more explanation in his earlier "OPINION AND ORDER,"[4] that "Adversary Dismissal Order" said "Dismissal of the underlying Chapter 13 case deprives the Court of jurisdiction in the above-captioned adversary proceeding."  That provides the threshold question for why I'm entitled to relief from that judgment.

---

3  Please note the boldface is my added emphasis to quoted text
4  Docket #24

This court set the standard for FRCP 60(b) fairly recently in *Naharaja v Wray,* Case **No. 3:13-cv-01261-HZ,** (Dist. Court. D. Oregon 2015):[5]

> "Rule 60(b)(3) provides that a court may relieve a party from a final judgment due to fraud, misrepresentation, or misconduct by an opposing party. Fed.R.Civ.P. 60(b)(3). To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct **and the conduct complained of prevented the losing party from fully and fairly presenting the defense.** *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). **Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."** *Id.* at 880."

I am asking for expedited relief based on my Request for Judicial Notice, which shows despite these proceedings Appellees have scheduled a sale of my property January 5th.

<u>Why dismissal of the underlying Chapter 13 case did not deprive the</u>

<u>bankruptcy court of jurisdiction in my adversary proceeding</u>

FRCP 60(b)(4), (5) and (6) gives this court authority to relieve me of the Judgment based on "the judgment is void," "applying it

---

5  Available to everyone online @ https://scholar.google.com/scholar_case?
   case=1775111922079157484&q=KUMAR+NAHARAJA&hl=en&as_sdt=6,29

prospectively is no longer equitable; or" and "any other reason that justifies relief," respectively.  I believe all apply to this point.

This narrow, threshold focuses this direct attack on these proceedings for both manifest error of fact and law.  A manifest error is error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."[6]

Errors of fact include how both this court and my adversaries have consistently referred to my **"REQUEST** TO DISMISS,"[7] submitted plainly under authority of 11 U.S.C. § 1307(b),[8] as "Motion to Dismiss Case."[9]  This proves *none* of you have bothered to read it.

The Opinion and Order also said "Debtor did not appeal the Chapter 13 Case Dismissal Order."[10]  This is a complete falsehood perpetrated by Judge McShane.  My Notice of Appeal plainly stated "I

---

6  Black's Law Dictionary 582 (8th ed. 2004)

7  *See* BK docket #27, erroneously docketed as "Motion to Dismiss Case"

8  ". . .on request of a party in interest. . .and after notice and a hearing, the court. . .may dismiss a case under this chapter"

9  "2 – OPINION AND ORDER": "On November 16, 2015, **Debtor filed a Motion to Dismiss** the Chapter 13 Case."

10 Also found at "2 – OPINION AND ORDER"

appeal this court's orders "ORDER OF DISMISSAL" (docket # 21)."[11]

The Opinion and Order also perpetrated a manifest error of law

when Judge McShane said:[12]

> "III. Order was not inequitable
>
> **"Appellant also fails to present how the Order of
> Dismissal was inequitable.** Appellant had the opportunity
> to continue with her Chapter 13 proceeding, preserving her
> ability to continue with the Adversary Proceeding. Instead,
> she chose to move forward with the dismissal of her Chapter
> 13 case. **Appellant was fully informed of the
> consequences of this decision and given more than
> sufficient time to act in a manner that would preserve
> her Adversary Proceeding. There is no evidence order
> to dismiss was inequitable."**

Judge McShane must not have read this part of my brief.[13]  As I

will explain below, not only did he cite no authorities to support his

---

11*See* my Brief, page "-3," "BASIS OF APPELLATE JURISDICTION"
12"4 – OPINION AND ORDER"
13All explained in my Brief beginning on page "-8" under the heading
  "3.  The court's orders as appealed were inequitable, which
  bankruptcy courts are forbidden to do"

arbitrary conclusions, he put his thumb on the scales of justice to favor Defendants.[14]  He did this by bootstrapping[15] the bankruptcy court's lack of authority to dismiss my my adversary complaint in Defendants' favor.

The Opinion and Order then Concluded: "The bankruptcy court's final order applied the correct legal standard regarding consent and application of LBR 7008-1. Finding no abuse of discretion, the bankruptcy judge's Adversary Dismissal Order is AFFIRMED."

Manifest error of law is highlighted by the way this court glossed over without questioning the bankruptcy court's simply-stated cause for dismissal.  I addressed this in my brief on page "- 7" and cited what I thought was a controlling authority, *Menk v. Lapaglia (In re Menk)*, 241 BR 896, 904 (BAP 1999), which provides:

> "The important point about § 1334 is that **there is no explicit requirement that a "case" be open** under §

---

14 Being too eager to manufacture this Order is *not* "in accord with traditional equitable principles and without the aid of presumptions" - *Perfect 10, Inc. v. Google, Inc.*, 653 F. 3d 976, 981 (9th Circuit 2011)

15 "bootstrap . . .To reach an unsupported conclusion from questionable premises." - Black's Law Dictionary 195 (8th ed. 2004)

6

1334(a) for a court to act in a "civil proceeding" under §

1334(b)."

Returning to this court's *Naharaja v Wray:*

> "**Rule 60(b)(4) provides that a court may relieve a
> party from a final judgment when the judgment is
> void.** Fed.R.Civ.P. 60(b)(4). **The Ninth Circuit has found
> that "[a] final judgment is 'void' for purposes of Rule
> 60(b)(4) only if the court that considered it** lacked
> jurisdiction, either as to the subject matter of the dispute or
> over the parties to be bound, **or acted in a manner
> inconsistent with due process of law.**" *Rubicon Global
> Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp.
> Corp.*, 575 F.App'x 710, 712 (9th Cir. 2014) (quoting *United
> States v. Berke*, 170 F.3d 882, 883 (9th Cir.1999) (internal
> citations omitted))."

*Naharaja v Wray,* this court's sister case, suggests perhaps "the

only issue is whether the Court acted in a manner inconsistent with

due process of law."

In the recent *Zapata v Nationstar Mortgage, LLC*, CV

15-4028-DMG (C.D. Cal 09/14/2016), by your sister court for the Central

District California, the Honorable Dolly M. Gee decided a similar issue:

> "2. Bankruptcy Court's Jurisdiction

> "**The Court reviews a "bankruptcy court's**

7

decision not to exercise jurisdiction over an
adversary proceeding following the dismissal of the
underlying bankruptcy case for an abuse of
discretion." *Davis v. C.G. Courington (In re Davis)*, 177
B.R. 907, 910 (B.A.P. 9th Cir. 1995). **The Ninth Circuit has
held that "bankruptcy courts are not automatically
divested of jurisdiction over related cases when the
underlying bankruptcy case is dismissed."** *Carraher v.
Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th
Cir. 1992). In such circumstances, the Bankruptcy Court
should consider judicial economy, convenience, fairness, and
comity in deciding whether or not to retain jurisdiction. *In re
Davis*, 177 B.R. at 913 (citing *In re Carraher*, 971 F.2d at
328). The court's weighing of these factors is discretionary.
*In re Carraher*, 971 F.2d at 328.

"Here, **there is no evidence in the record that the
Bankruptcy Court considered economy, convenience,
fairness, and comity in dismissing the adversary
proceeding**. Based on its examination of the written orders
and the May 7, 2015 Hearing Transcript, the Court cannot
conclude that the Bankruptcy Court "necessarily would have
dismissed the action if [it] had considered the appropriate
factors." *See In re Davis*, 177 B.R. at 913. While there are
factors that may support dismissal — the Bankruptcy Court,
for instance, did recognize that the underlying bankruptcy
proceeding had been dismissed "some time ago" before
Zapata filed the adversary proceeding — there appear to be
other factors that weigh against dismissal. For example,
Zapata has a claim for relief that requests that the court
determine the validity, extent, and priority of Defendants'
claim or lien upon his real property. FAC at 2, 4-5. Contrary
to the Bankruptcy Court's statement that the adversary

8

> complaint is outside its "ancillary jurisdiction," this claim by
> Zapata appears to be a "core" proceeding, enumerated in 28
> U.S.C. section 157(b)(2), over which the Bankruptcy Court
> has jurisdiction. See 28 U.S.C. § 157(b)(2)(K)
> ("determinations of the validity, extent, or priority of liens")."

I submit Judge Gee's *Zapata* provides this court with an excellent

example of what a truly just judge would have decided on the identical

point.

### Why my last motion for extension should have been allowed

This court denied my last "Request To Extend Time To File Brief"

the day after my Adversaries filed their Response."[16]  My request was

based on no less than four citations of authority.  It's significant neither

this court's "ORDER: Denying Appellant's Motion for Extension of Time

to file brief" nor "APPELLEES BANK OF NEW YORK MELLON AND

SELECT PORTFOLIO SERVICING, INC.'S RESPONSE TO

APPELLANT'S REQUEST TO EXTEND TIME TO FILE BRIEF"

bothered to cite *any* supporting authority.

What is significant on this point is my Request said "In this

Circuit extensions will normally be granted in the absence of bad faith

16 Docket ##21-23

or prejudice to the adverse party on the part of the party seeking relief."
I then cited *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th
Cir. 2010) in footnote 1 to support that statement. *Neither this court
nor my Adversaries addressed either bad faith nor prejudice as a
foundation for what they did to me!* Both of you should have read the
pertinent part of *Ahanchian*, 624 F.3d 1258-1259, after citing FRCP
6(b)(1):

> **"This rule, like all the Federal Rules of Civil
> Procedure, "[is] to be liberally construed to effectuate
> the general purpose of seeing that cases are tried on
> the merits."** *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.
> 1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of
> Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)); see also Fed. R.
> Civ. P. 1 (**"[The Federal Rules] should be construed
> and administered to secure the just, speedy, and
> inexpensive determination of every action and
> proceeding.")**."

I remind you all this court has an additional duty under the Rules

10

Enabling Act[17] to *not* use any of the procedural rules as an excuse to deprive me of my substantive rights, including due process. Or to administer this case in the manner than it has so far!

### Relief due to fraud, misrepresentation, or misconductby an opposing party

If the above is somehow not enough on which to base the relief I'm moving for, FRCP 60(b) also gives this court authority because of "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

What this and the bankruptcy court has done is kept me from addressing what my original complaint was intended to do, challenge my Adversaries' claims against my property. Among the other issues (merits) which should have been addressed is their utter neglect to obey Oregon law, among them ORS 73.0501's mandate to exhibit my Note *and* prove they have the right to enforce it.[18] In my pre-bankruptcy

---

1728 U.S.C. § 2075: "The Supreme Court shall have the power to prescribe by general rules. . .the practice and procedure in cases under title 11. **Such rules shall not abridge, enlarge, or modify any substantive right."**

18This statute also provides because they did neither, *there is no default*

11

dealings with them they amply proved their bad faith in violation of ORS 71.3040.

"Bad faith" is defined as "Dishonesty of belief or purpose."[19]  Our Supreme Court long ago set the standard as existing when a claim is asserted, "the primary aim of which is something other than the procurement of the fair adjudication of an authentic claim."[20]

### Does Defendant Trust Legally Exist?

A misrepresentation, in its ordinary sense, is a false representation of fact.[21]

Instead of pursuing "the procurement of the fair adjudication of an authentic claim" it has instead ignored its duties and obligations under Oregon law and instead proceeded, with both court's active assistance, to skirt having to prove they have Note Holder standing *and* the capacity or status to sue.

It appears my main Adversary is "Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2007-23cb, Mortgage Pass-Through Certificates,

---

19  Black's Law Dictionary, Eighth Edition, page 149
20  *See Mattiza v. Foster*, 311 Or. 1, 10, 803 P2d 723 (1990)
21*State v. Ferguson*, 173 Or.App. 118, 20 P.3d 242, footnote 2 (2001)

Series 2007-23cb ("the Trust").  So far all of you have given it a pass on

having to prove it even exists as a legal entity.  Instead, a trust is *not* a

separate legal entity that can sue or be sued:[22]

> **"A trust is not a legal entity.** A trust is not an entity
> distinct from its trustees and capable of legal action on
> its own behalf, but merely a fiduciary relationship
> with respect to property. **A trust is not a legal
> "person" which can own property or enter into
> contracts**, rather, a trust is a relationship having
> certain characteristics."

Complicating this issue is the fact this Trust's "Corporate

Ownership Statement" required by FRBP 7007.1 actually neglected to

disclose anything about its ownership.[23]  Neither did this Trust bother

to include a similar disclosure statement with this court with its Show

Cause Motion.[24]  So none of us know who or what this Trust actually is.

Oregon's Uniform Trust Code 402's "Requirements for creation"

says in what I think to be relevant here:

**"(1) A trust is created only if all of the following
requirements are met:**

---

22 76 Am. Jur. 2d *Trusts* § 3 (2005)
23 BK docket #11
24 Docket #9

**(a) The settlor has capacity to create a trust.**

(b) The settlor indicates an intention to create the trust.

**(c) The trust has a definite beneficiary** * * * * * *

**(d) The trustee has duties to perform.**

**(e) The same person is not the sole trustee and sole beneficiary**."

In *Brandrup v. Recontrust Company, N.A.*, 303 P. 3d 301, 319 (2013), our Supreme Court said:

> ". . .a trustee typically holds legal title to the subject of the trust and the beneficiary holds equitable title. "When a trust is created, the legal title is vested in the trustee * * *. 'A trust implies two estates, – one legal, and the other equitable; it also implies that the legal title is held by one person, the trustee, while another person, the *cestui que* trust [the beneficiary], has the beneficial interest.'" *Morse et al. v. Paulson et al.*, 182 Or 111, 117, 186 P.2d 394 (1947) (quoting *Allen v. Hendrick*, 104 Or 202, 223, 206 P 733 (1922)) (emphasis added)."

I submit until this Trust meets the standards required by Oregon law, it should be treated as a sham trust and *not* be given the benefit of the doubt it has standing sufficient to be treated as an interested party.

### *Why the Judgment is void*

FRCP 60(b)(4), (5) and (6) gives this court authority to relieve me of the Judgment based on "the judgment is void," "applying it prospectively is no longer equitable; or" and "any other reason that justifies relief," respectively.  I believe all appy to this point.

The Ninth Circuit has pre-determined this point in *United States v. One 1990 GEO Storm*, 106 F.3d 410 (9ᵗʰ Cir. 1997):  "A judgment is void. . .if the court acted in a manner inconsistent with due process of law.'"[25]  In the very minimum due process requires I be "heard. . .in a meaningful manner."[26]

### Conclusion

So far *both* the bankruptcy court and this court have actively assisted my adversaries in avoiding the consequences of the Negotiable Instruments Law.  Both of you have put your thumb on the scales of

---

25Quoting *Watts v. Pinckney*, 752 F.2d 406, 409 (9ᵗʰ Cir. 1985): "It is well settled that. . .A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside."

26 *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) explains this is a "fundamental requirement of due process"

justice to put them above the law.  What a blatant and manifest miscarriage of justice!

REQUEST FOR RELIEF

This court's order relieving me of its "Judgment" in an expedited manner!

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary.  I also expressly invoke FRBP 1001/FRCP 1 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on December*  1st  *, 2016*

**Lori Diane Baczkowski, Appellant** *in propria persona*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify on November ……. I attempted to confer with Appellees' attorneys about this Motion.  I was told ……...  By the time I sign this, with enough time to be at the local post office's cut-off time for priority or express delivery the court for Thursday's deadline, no one from Appellee's attorney's office had called me.

## CERTIFICATE OF SERVICE

I certify that on this date I mailed a true copy of this Motion to Appellees' attorneys at their address of record.

Bank of New York, as trustee, and Select Portfolio Servicing, Inc., represented by:

Crystal K. Chase *a* OREN HAKAC @
Stoel, Rives, LLP
~~900 SW 5th Ave., Suite 600~~  760 SW 9th Ave. Suite 3000
Portland, OR 97204   Portland, OR 97205

Quality Loan Service Corporation of Washington, represented by:

Casey C. Pence
McCarthy & Holthus, LLP
920 SW Third Avenue
First Floor
Portland, OR 97204

*Submitted with all rights reserved on December* 1 st *, 2016*

Lori Diane Baczkowski

Lori Diane Baczkowski, Appellant *in propria persona*

17

Lori Diane Baczkowski, Appellant *in propria persona*
1025 NE Fall Drive
Grants Pass, OR 97526
Telephone: 541-441-3898

## UNITED STATES DISTRICT COURT OF OREGON

| | |
|---|---|
| "LORI DIANE BACZKOWSKI," <br> Appellant, | Case No. 6:16-cv-00150-MC |
| v. | Case No. 15-06085-fra |
| BANK OF NEW YORK MELLON, *et al.,* <br> Appellees. | APPELLANTS' REQUEST REQUEST FOR JUDICIAL NOTICE |

I request the court to take notice of the attached necessary

information.

FRE 201 provides "(c) The court. . .**must** take judicial notice if a

party requests it and the court is supplied with the necessary

information" and "(d) The court may take judicial notice at any stage of

the proceeding.."[1]

I expressly reserve the right to amend or supplement this Request

if I believe it is necessary, including adequate notice to reply to all other

_____

1  *See* FRBP 9017: "The Federal Rules of Evidence. . .apply in cases
    under the Code."  Please note my added emphasis to quoted text is in
    boldface

parties' in interest responses to this Request.  I also expressly reserve the right to have this Request construed so as to do justice according to at least FRBP 1001,[2] and to ensure I am "heard at a meaningful time and in a meaningful manner."[3]

I certify I mailed a true copy to the other parties' attorneys to their addresses of record .

*Submitted with all rights reserved on December*  15  , 2016

*Lori Diane Baczkowski*, Appellant *in propria persona*

---

2 "The Bankruptcy Rules. . .shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

3 *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (this is a "fundamental requirement of due process")

Quality Loan Service Corp. of WA
Return Mail Processing
2763 Camino Del Rio S., 1st FL
San Diego, CA 92108



7103 9628 5942 3054 8985

OR-14-625812-NH
LORI D BACZKOWSKI
1025 NE FALL DRIVE
GRANTS PASS, OR 97526

15447719

*VS05*

## TRUSTEE'S NOTICE OF SALE

T.S. No.: **OR-14-625812-NH**

Reference is made to that certain deed made by, **LORI D. BACZKOWSKI** as Grantor to TICOR TITLE, as trustee, in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAHOMEKEY, INC.**, as Beneficiary, dated 7/2/2007, recorded 7/9/2007, in official records of JOSEPHINE County, Oregon in book/reel/volume No. and/or as fee/file/instrument/microfilm/reception number **2007-013283** and subsequently assigned or transferred by operation of law to **Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-23CB, Mortgage Pass-Through Certificates, Series 2007-23CB** covering the following described real property situated in said County, and State, to-wit:

**APN: 37-06-06-C0-001100**

A PARCEL OF LAND IN THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 6, TOWNSHIP 37 SOUTH, RANGE 6 WEST, OF THE WILLAMETTE MERIDIAN, JOSEPHINE COUNTY, OREGON, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT A POINT WHICH IS RECORD 1320.00 FEET SOUTH AND 610.50 FEET, ACTUAL FOOTAGE 608.61 FEET, EAST OF THE WEST QUARTER CORNER OF SAID SECTION 6; THENCE NORTH 0°22'28" EAST 461.57 FEET TO AN IRON ROD; THENCE NORTH 36°08'16" EAST 343.93 FEET TO AN IRON ROD ON THE SOUTHERLY RIGHT OF WAY LINE OF FISH HATCHERY ROAD; THENCE ALONG SAID RIGHT OF WAY LINE AROUND A 198.18 FOOT RADIUS CURVE TO THE LEFT, THE LONG CHORD OF WHICH BEARS NORTH 79°17'53" WEST 92.01 FEET TO AN IRON ROD; THENCE CONTINUE ALONG SAID RIGHT OF WAY LINE SOUTH 87°20'49" WEST 259.59 FEET TO AN IRON ROD FOR THE TRUE POINT OF BEGINNING; THENCE CONTINUE ALONG SAID RIGHT OF WAY LINE AROUND A 316.48 FOOT RADIUS CURVE TO THE RIGHT, THE LONG CHORD OF WHICH BEARS SOUTH 89°49'02" WEST 27.28 FEET; THENCE SOUTH 23°38'35" WEST 299.99 FEET; THENCE SOUTH 7°51'30" WEST 46.83 FEET; THENCE SOUTH 14°55'28" EAST 79.65 FEET; THENCE NORTH 87°00'54" EAST 280.11 FEET TO THE EAST LINE OF TRACT DESCRIBED IN VOLUME 334, PAGE 420, JOSEPHINE COUNTY DEED RECORDS; THENCE NORTH 0°27'28" EAST 100.84 FEET; THENCE NORTH 36°08'16" EAST 70.0 FEET; THENCE SOUTH 87°00'54" WEST 284.0 FEET, MORE OR LESS, TO A POINT THAT IS SOUTH 23°38'35" WEST OF THE TRUE POINT OF BEGINNING; THENCE NORTH 23°38'35" EAST 255.0 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

Commonly known as:    6101 FISH HATCHERY ROAD, GRANTS PASS, OR 97527

The undersigned hereby certifies that based upon business records there are no known written assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the records of the county or counties in which the above described real property is situated. Further, no action has been instituted to recover the debt, or any part thereof, now remaining secured by the trust deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and notice has been recorded pursuant to Section 86.752(3) of Oregon Revised Statutes.

There is a default by grantor or other person owing an obligation, performance of which is secured by the trust deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of such provision. The default for which foreclosure is made is grantor's failure to pay when due the following sums:

**Delinquent Payments:**

Payment Information

From                    Through                                                                 Total Payments

| 7/1/2011 | 8/16/2016 | $75,271.78 |

Late Charges

| From | Through | Total Late Charges |
|------|---------|--------------------|
| 7/1/2011 | 8/16/2016 | $0.00 |

Beneficiary's Advances, Costs, And Expenses

| | |
|---|---|
| Fees | $2,038.07 |
| Interest On Advances | $6.92 |
| Other Fees | $1,201.13 |
| Total Advances: | $3,246.12 |

| TOTAL FORECLOSURE COST: | $3,722.92 |
|---|---|
| TOTAL REQUIRED TO REINSTATE: | $82,240.82 |
| TOTAL REQUIRED TO PAYOFF: | $281,486.60 |

By reason of the default, the beneficiary has declared all sums owing on the obligation secured by the trust deed immediately due and payable, those sums being the following, to- wit:

> **The installments of principal and interest which became due on 7/1/2011, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

Whereof, notice hereby is given that Quality Loan Service Corporation of Washington, the undersigned trustee will on **1/5/2017** at the hour of **1:00 PM**, Standard of Time, as established by section 187.110, Oregon Revised Statues, **Inside the main lobby of the County Courthouse 500 NW 6th Street Grants Pass, Oregon 97526** County of **JOSEPHINE**, State of Oregon, sell at public auction to the highest bidder for cash the interest in the said described real property which the grantor had or had power to convey at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in Section 86.778 of Oregon Revised Statutes has the right to have the foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of said principal as would not then be due had no default occurred), together with the costs, trustee's and attorney's fees and curing any other default complained of in the Notice of Default by tendering the performance required under the obligation or trust deed, at any time prior to five days before the date last set for sale.

Other than as shown of record, neither the beneficiary nor the trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to grantor or of any lessee or other person in possession of or occupying the property, except:

Name and Last Known Address and Nature of Right, Lien or Interest

LORI BACZKOWSKI
6101 FISH HATCHERY ROAD
GRANTS PASS, OR 97527

Original Borrower

**For Sale Information Call: 888-988-6736  or Login to: Salestrack.tdsf.com**

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to this grantor as well as any other person owing an obligation, the performance of which is secured by the trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Pursuant to Oregon Law, this sale will not be deemed final until the Trustee's deed has been issued by **Quality Loan Service Corporation of Washington**. If any irregularities are discovered within 10 days of the date of this sale, the trustee will rescind the sale, return the buyer's money and take further action as necessary.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.**

<u>**NOTICE TO TENANTS:**</u> **TENANTS OF THE SUBJECT REAL PROPERTY HAVE CERTAIN PROTECTIONS AFFFORDED TO THEM UNDER ORS 86.782 AND POSSIBLY UNDER FEDERAL LAW. ATTACHED TO THIS NOTICE OF SALE, AND INCORPORATED HEREIN, IS A NOTICE TO TENANTS THAT SETS FORTH SOME OF THE PROTECTIONS THAT ARE AVAILABLE TO A TENANT OF THE SUBJECT REAL PROPERTY AND WHICH SETS FORTH CERTAIN REQUIRMENTS THAT MUST BE COMPLIED WITH BY ANY TENANT IN ORDER TO OBTAIN THE AFFORDED PROTECTION, AS REQUIRED UNDER ORS 86.771.**

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No: OR-14-625812-NH

Dated: 8-16-16                              **Quality Loan Service Corporation of Washington, as Trustee**

                                           Signature By:_____
                                                         **Joseph Carroll, Assistant Secretary**

<u>Trustee's Mailing Address:</u>          <u>Trustee's Physical Address:</u>
Quality Loan Service Corp. of Washington    Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation       108 1ˢᵗ Ave South, Suite 202, Seattle, WA 98104
411 Ivy Street                             Toll Free: (866) 925-0241
San Diego, CA 92101

## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for 1/5/2017. The date of this sale may be postponed. Unless the lender that is foreclosing on this property is paid before the sale date, the foreclosure will go through and someone new will own this property. After the sale, the new owner is required to provide you with contact information and notice that the sale took place.

The following information applies to you only if you are a bona fide tenant occupying and renting this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a bona fide residential tenant.

If the foreclosure sale goes through, the new owner will have the right to require you to move out. Before the new owner can require you to move, the new owner must provide you with written notice that specifies the date by which you must move out. If you do not leave before the move-out date, the new owner can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

## PROTECTION FROM EVICTION

IF YOU ARE A BONA FIDE TENANT OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING, YOU HAVE THE RIGHT TO CONTINUE LIVING IN THIS PROPERTY AFTER THE FORECLOSURE SALE FOR:

- 60 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A FIXED TERM LEASE; OR
- AT LEAST 30 DAYS FROM THE DATE YOU ARE GIVEN A WRITTEN TERMINATION NOTICE, IF YOU HAVE A MONTH-TO-MONTH OR WEEK-TO-WEEK RENTAL AGREEMENT.

If the new owner wants to move in and use this property as a primary residence, the new owner can give you written notice and require you to move out after 30 days, even though you have a fixed term lease with more than 30 days left.

You must be provided with at least 30 days' written notice after the foreclosure sale before you can be required to move.

A bona fide tenant is a residential tenant who is not the borrower (property owner) or a child, spouse or parent of the borrower, and whose rental agreement:

- Is the result of an arm's-length transaction;
- Requires the payment of rent that is not substantially less than fair market rent for the property, unless the rent is reduced or subsidized due to a federal, state or local subsidy; and
- Was entered into prior to the date of the foreclosure sale.

ABOUT YOUR TENANCY BETWEEN NOW AND THE FORECLOSURE SALE: RENT YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD OR UNTIL A COURT TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE.

## SECURITY DEPOSIT

You may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord as provided in ORS 90.367. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE

The new owner that buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out after 30 or 60 days. After the sale, you should receive a written notice informing you that the sale took place and giving you the new owner's name and contact information. You should contact the new owner if you would like to stay. If the new owner accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the new owner becomes your new landlord and must maintain the property. Otherwise:

- You do not owe rent;
- The new owner is not your landlord and is not responsible for maintaining the property on your behalf; and
- You must move out by the date the new owner specifies in a notice to you.

The new owner may offer to pay your moving expenses and any other costs or amounts you and the new owner agree on in exchange for your agreement to leave the premises in less than 30 or 60 days. You should speak with a lawyer to fully understand your rights before making any decisions regarding your tenancy.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR DWELLING UNIT WITHOUT FIRST GIVING YOU WRITTEN NOTICE AND GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU SHOULD CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

Oregon State Bar: (503) 684-3763; (800) 452-7636
Legal assistance: http://oregonlawhelp.org/

## NOTICE:
### YOU ARE IN DANGER OF LOSING YOUR PROPERTY IF YOU DO NOT TAKE ACTION IMMEDIATELY

**This notice is about your mortgage loan on your property at:**

Street Address:   6101 FISH HATCHERY ROAD
City:   GRANTS PASS   State:  OR        ZIP:  97527

Your lender has decided to sell this property because the money due on your mortgage loan has not been paid on time or because you have failed to fulfill some other obligation to your lender. This is sometimes called "foreclosure."

The amount you would have to pay as of **8/16/2016** (date) to bring your mortgage loan current was **$82,240.82**. The amount you must now pay to bring your loan current may have increased since that date.

By law, your lender has to provide you with details about the amount you owe, if you ask. You can call **888-818-6032** to find out the exact amount you must pay to bring your mortgage loan current and to get other details about the amount you owe.

You may also get details by sending a request by certified mail to:

Quality Loan Service Corporation of Washington
c/o Quality Loan Service Corp.
411 Ivy Street
San Diego, CA 92101

### THIS IS WHEN AND WHERE YOUR PROPERTY WILL BE SOLD IF YOU DO NOT TAKE ACTION:

Date and Time:   **1/5/2017** at **1:00 PM**
Place:              **Inside the main lobby of the County Courthouse 500 NW 6th Street Grants Pass, Oregon 97526**

THIS IS WHAT YOU CAN DO TO STOP THE SALE:

1. You can pay the amount past due or correct any other default, up to five

TS No.: OR-14-625812-NH

    days before the sale.

2. You can refinance or otherwise pay off the loan in full any time before the sale.
3. You can call **Select Portfolio Servicing, Inc.** at **888-818-6032** to find out if your lender is willing to give you more time or change the terms of your loan.
4. You can sell your home, provided the sale price is enough to pay what you owe.

There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and phone number of an organization near you, call the statewide phone contact number at **855-480-1950.** You may also want to talk to a lawyer. If you need help finding a lawyer, call the Oregon State Bar's Lawyer Referral Service at **503-684-3763** or toll-free in Oregon at **800-452-7636** or visit its website at www.osbar.org. Legal assistance may be available if you have a low income and meet federal poverty guidelines. For more information and a directory of legal-aid programs, go to http://www.oregonlawhelp.org/.

**WARNING:** You may get offers from people saying they can help you keep your property. Be careful about those offers. Make sure you understand any papers you are asked to sign. If you have questions, talk to a lawyer or one of the organizations mentioned above before signing.

Dated:     *8-16-16*

Trustee Name: **Quality Loan Service Corporation of Washington**

By: Joseph Carroll, Assistant Secretary
Trustee telephone number: (866) 925-0241