Oren B. Haker, OSB No. 130162
oren.haker@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205-2584
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

    Attorneys for Appellees Bank of New York Mellon and Select Portfolio
       Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LORI DIANE BACZKOWSKI,<br><br>    Appellant,<br><br>    v.<br><br>BANK OF NEW YORK MELLON;<br>QUALITY LOAN SERVICE<br>CORPORATION OF WASHINGTON; and<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Appellees. | Case No.: 6:16-cv-00150-MC<br><br>APPELLEES BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-23CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-23CB AND SELECT PORTFOLIO SERVICING, INC.'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR EXPEDITED RELIEF FROM JUDGMENT—FRCP 60 |

Appellees Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on

Behalf of the Holders of the Alternative Loan Trust 2007-23cb, Mortgage Pass-Through

Page 1  -  APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION
          FOR EXPEDITED RELIEF FROM JUDGMENT

Certificates, Series 2007-23cb ("the **Trust**") and Select Portfolio Servicing, Inc. ("**SPS**") hereby oppose *pro se* Appellant Lori Diane Baczkowski's ("**Debtor**" or "**Appellant**") "Motion for Expedited Relief from Judgment—FRCP 60" ("**Motion for Relief**"), in which Debtor seeks relief from the Judgment of dismissal entered on November 3, 2016 ("**Judgment**") (Dkt. #25). Although Debtor moves pursuant to Federal Rule of Civil Procedure 60(b)(3), (4), (5), and (6), she has not identified a cognizable basis for granting relief from the Judgment. Accordingly, the Court should deny Debtor's Motion for Relief.

## DISCUSSION

*First,* Debtor has not identified any fraud, misrepresentation, or misconduct as required by FRCP 60(b)(3). To prevail on a motion under this rule, the movant must prove that the judgment was "unfairly obtained," not merely that the judgment is "factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987). Although Debtor clearly disagrees with this Court's affirmance of the Bankruptcy Court's dismissal, her disagreement with the resolution of the matter do not provide a basis for relief from the Judgment. The mere fact that the Trust has scheduled a foreclosure sale also does not provide a basis for relief.

*Second,* Debtor has not identified any reason why the Judgment is void, as required by FRCP 60(b)(4). A judgment may be set aside as void under Rule 60(b)(4) only "for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted). Here, Debtor does not dispute that this Court had jurisdiction over the appeal from the

Bankruptcy Court's order.  Nor has Debtor suggested any way in which the Court acted inconsistently with due process.[1]

*Third,* Debtor has not identified any basis for setting aside the Judgment as inequitably applied prospectively to Debtor or other reason that justifies the relief that Debtor seeks.  (FRCP 60(b)(5) and (6)).  Again, Debtor's focus is only on her disagreement with the Court's ruling, which is insufficient to justify relief under Rule 60(b).  Merely because Debtor identifies a decision from another district court that reached a different result on different facts does not justify setting aside a finally entered judgment more than a month after its entry.

## CONCLUSION

Debtor has identified no basis for granting her relief from the Judgment.  SPS and the Trust respectfully request that the Debtor's Motion for Relief be denied.

DATED:  December 12, 2016.

               STOEL RIVES LLP

               */s/ Crystal S. Chase*
               OREN B. HAKER, OSB No. 130162
               CRYSTAL S. CHASE, OSB No. 093104
               Telephone:  (503) 224-3380

               Attorneys for Appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.

---

[1] To the extent that Debtor challenges the Court's interim order denying her second motion for extension of time that did not comply with local rules or the Court's prior instruction, that challenge is not cognizable under Rule 60(b) because it is not a "final . . . order[.]"

Page 3   -   APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION
      FOR EXPEDITED RELIEF FROM JUDGMENT

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR EXPEDITED RELIEF FROM JUDGMENT** on the following named person(s) on the date indicated below by

    ☒    mailing with postage prepaid

    ☐    hand delivery

    ☐    facsimile transmission

    ☐    overnight delivery

    ☐    email

    ☐    notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

    Lori Diane Bacskowski
    1025 Ne Fall Drive
    Grants Pass, OR 97526

    Appellant, *Pro Se*

    DATED: December 12, 2016.

    STOEL RIVES LLP

    */s/ Crystal S. Chase*
    OREN B. HAKER, OSB No. 130162
    CRYSTAL S. CHASE, OSB No. 093104
    Telephone: (503) 224-3380

    Attorneys for Appellees Bank of New York Mellon and Select Portfolio Servicing, Inc.